## A. M. McKinney v. Warren T. Noble.

1. The statutes of Texas give to the surviving parent the guardianship of the children of the marriage.
2. The mother, although divorced and having the custody of the children decreed her, cannot by will deprive the father of the guardianship of their persons upon her death.
3. She can dispose of her property, and if she bequeath it to her children, she may, for their use, appoint a trustee to manage it against the rights of the father.

Appeal from Montgomery. Tried below before the Hon. James Masterson.

The facts appear in the opinion of the court.

*N. Hart Davis*, for appellant, cited Osborne v. Bank U. S., 9 Wheaton.

*Joseph Boone*, for appellee.

Walker, J.—By Section 308 of the General Probate Act of August 15, 1870, it is declared: "The parents, or the survivors of them, except in certain cases, have a natural right and duty to take care of the persons of their minor children, and the law makes no further provision for such cases." The certain cases referred to are those included in Section 321. Section 314 provides for cases where parents do not live together, and declares that their rights are equal, and the guardianship of the minor child shall be assigned according to circumstances, taking into consideration the interest of the child alone.

Were both the parents living in this case, there could be no difficulty in determining the right of guardianship, but such is not the case, and the facts are peculiar.

Martha A. McKinney, the former wife of the appellant, was divorced from her husband by a decree which

gave her the custody of her minor child, Catherine Estelle McKinney. Mrs. McKinney, for some cause or other, lived for a number of years with her father, Warren Noble, separate and apart from her husband.

After her return to her father's house, the child, Catherine E., was born.

Mrs. McKinney's father appears to have invested some money for the use of his daughter in a business partnership with his son, Warren T. Noble, the appellee.

The business appears to have been successful, and the investment increased to a handsome sum.

Mrs. McKinney made her last will and testament, devising her property thus acquired to her child, and also nominated her brother, Warren T. Noble, guardian for the person and estate of her child.

This will cannot deprive the father of guardianship of the person of his child, but it may be regarded as the declaration of an express trust, and Warren T. Noble held to be the trustee. We therefore reverse and remand the case, with instructions that Warren T. Noble shall qualify as trustee of the minor child's estate, and control the property for her benefit; and the father, if he desire it, may be appointed guardian of the person of the child until such time as she, by law, shall have the right to choose her own guardian.

REVERSED AND REMANDED.