[S. F. No. 1691.   Department Two.—December 29, 1900.]

In the Matter of the Estate and Guardianship of RALPH RUSSELL TAYLOR, a Minor.  W. E. PARKHURST et ux., Appellants, v. MAUD TAYLOR, Respondent.

GUARDIANSHIP OF MINOR—JURISDICTION—RESIDENCE.—In order that the court may have jurisdiction to appoint a guardian of the person and estate of a minor, the minor must be an inhabitant or resident of the county in which the appointment is made.

ID.—APPOINTMENT AT FORMER RESIDENCE—CHANGE OF RESIDENCE—ADOPTION BEFORE HEARING.—The place of the birth of a minor and the former residence of his deceased parents in the county where the court assumed to appoint a guardian, cannot give such court jurisdiction, where it appears that the deceased father, after the mother's death, placed the child in the care and custody of relatives in another county, who, after the father's death, and before the hearing for the appointment, though subsequently to the petition therefor, legally adopted the child.  After such adoption, the residence of the child was that of those who adopted him.

ID.—BILL OF EXCEPTIONS TO ORDER OF APPOINTMENT—EVIDENCE—SPECIFICATIONS—PRESUMPTION.—A bill of exceptions to the order appointing a guardian, which states facts in evidence, and shows that the matter was submitted "upon the foregoing facts in evidence, and the testimony of Maud Taylor, hereinafter set forth," whose testimony follows, and which specifies that by the adoption the child became the child of the parents adopting it, and that the evidence shows that at the time of the hearing the child was a resident of the county where they reside, purports to give all the evidence upon which the court acted, and is presumed to contain all the evidence bearing upon the points specified.

APPEAL from an order of the Superior Court of Santa Clara County appointing a guardian.   M. H. Hyland, Judge.

The facts are stated in the opinion.

R. Platnauer, and A. P. Catlin, for Appellants.

D. W. Burchard, and H. F. Dusing, for Respondent.

COOPER, C.—This appeal is from an order of the superior court of Santa Clara county appointing a guardian of the per-

son and estate of Ralph Russell Taylor, a minor. It appears
from the bill of exceptions that the said minor was born in
October, 1890, in Santa Clara county, that being the place of
residence of his parents. His mother died shortly after his
birth, and in December, 1890, the infant was sent by his father
and placed in the care and custody of W. E. Parkhurst and
Hannah E. Parkhurst, his wife, the latter being the maternal
aunt of the child. The father requested the Parkhursts to
take the child, stating that if they did not take it he would
have to send it to an orphan asylum. They first agreed to
take it for a year only, but they have furnished it a home, kept
it, and it has continuously lived with them in their care and
custody up to the present time. The Parkhursts at the time
lived in Eldorado county, but moved to Sacramento city in
1891, and have ever since continuously resided there. The
father of said minor was poor, but assisted the Parkhursts to
support the child at sundry times up to the time of his death,
by contributions in money and clothing, the amount of money
so contributed being one hundred and fifteen dollars. On June
15, 1897, Maud Taylor, a sister of the minor, filed a petition in
the superior court of Santa Clara county, which petition was ac-
companied by the written request of Samuel Taylor, the father,
asking to be appointed guardian of the person and estate of said
minor. On July 18, 1897, before action on said petition, the
father died. After the death of the father, and in October,
1897, by proceedings in the superior court of Sacramento county,
the said minor was adopted by the Parkhursts, who entered into
and executed the agreement required by the code in such cases.
The record is silent as to whether or not the Parkhursts, at
the time of the proceedings for adoption, had any notice of the
application of Maud Taylor to be appointed guardian.

On the nineteenth day of March, 1898, the said Parkhursts
filed a written answer and contest to the petition of Maud Tay-
lor, in which they denied that the minor was a resident of
Santa Clara county, and alleged that he was at the time of
filing the petition, and continued to be, a resident of Sacra-
mento county, and further alleged the proceedings of adoption
showing that said minor was adopted by them in October, 1897.
After hearing the evidence and upon the facts herein stated, the

court made an order appointing Maud Taylor, the sister, guardian of the person and estate of the said minor. A minor must be an inhabitant or resident of the county in which the appointment of a guardian is made in order for the court to have jurisdiction to make the appointment. (Code Civ. Proc., sec. 1747; *In re Raynor*, 74 Cal. 424; Rodgers on Domestic Relations, sec. 848; *Harding v. Weld*, 128 Mass. 589; Schouler on Domestic Relations, 424.) There is no different principle laid down in *Guardianship of Danneker*, 67 Cal. 643. In fact in that case it is said: "Letters will be issued, if necessary, by the court of the county where it may be legally determined the child resides." After the minor was adopted in October, 1897, his residence was that of the Parkhursts who adopted him. (Civ. Code, sec. 228; Pol. Code, sec. 52, subd. 4; Jacobs on Domicile, secs. 247, 248; *Younger v. Younger*, 106 Cal. 379; *Washburn v. White*, 140 Mass. 569.)

We think the bill of exceptions purports to give all the evidence upon which the court acted. After giving certain evidence and facts it is recited therein: "Upon the foregoing facts in evidence, and the testimony of Maud Taylor hereinafter set forth, the said matter was, on the 25th of March, 1898, submitted to the court for its decision." Then follows the testimony of Maud Taylor.

In the specifications and exceptions it is stated that by the adoption the child became to all intents and purposes the child of the parents adopting it, and that the evidence shows that at the time of hearing the petition the child was a resident of Sacramento county. It is presumed that the bill of exceptions contains all the evidence relative to the above specified points. (*Abbey Homestead Assn. v. Willard*, 48 Cal. 619.)

It follows that the order should be reversed.

Smith, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.          McFarland, J., Temple, J., Henshaw, J.