[S. F. No. 4793.   Department One.—May 12, 1908.]

In the Matter of the Guardianship of JOSEPH WEST-WOOD BAKER, a Minor.   PAGE E. T. BAKER, Appellant.

GUARDIAN AND WARD—TESTAMENTARY GUARDIAN—CONSENT OF MOTHER. TO APPOINTMENT BY FATHER.—Under section 241 of the Civil Code providing that "A guardian of the person or estate, or of both,. of a child born, or likely to be born, may be appointed by will or by deed, to take effect upon the death of the parent appointing: 1. If the child be legitimate, by the father, with the written consent of the mother,"—the consent of the mother to a guardian appointed by the will of the father may be given after the death of the father.

ID.—RESIDENCE OF MINOR—CONCLUSIVENESS OF FINDING—FRAUD OR MISTAKE.—In a proceeding for the appointment of the guardian of a minor, a finding that the minor was a resident of the county in which the proceeding was instituted is of a jurisdictional fact. and is conclusive, in the absence of fraud or mistake.

ID.—VACATING ORDER OF APPOINTMENT—FINDING—APPEAL—SPECIFICATION OF PARTICULARS.—In a proceeding to set aside an order ap-

pointing a guardian of a minor, on the ground of fraudulent repre-
sentations as to his residence, a finding negativing the allegations of
fraud will not be reviewed on an appeal from an order refusing to
vacate the appointment, when the bill of exceptions contains no
specifications of the particulars wherein the evidence is insufficient
to justify the finding.

APPEAL from an order of the Superior Court of Fresno
County refusing to revoke letters of guardianship. George E.
Church, Judge.

The facts are stated in the opinion of the court.

W. T. Kearney, for Appellant.

M. K. Harris, for Respondent.

SHAW, J.—This is an appeal from an order refusing to
revoke letters of guardianship and set aside an order fixing
the amount of guardian's bond. It involves the validity
of the appointment and qualification of a testamentary
guardian.

The ward is the son of the appellant and her former hus-
band, Westwood J. Baker. The parents were divorced on
April 1, 1898, and thereafter lived apart, the father residing
in Fresno County and the mother in San Francisco. The
father died on July 4, 1905, leaving a considerable estate,
which he disposed of by will. The will, which was admitted
to probate on August 14, 1905, in the superior court of Fresno
County, contained this provision: "I hereby appoint L. O.
Stephens of the city of Fresno, guardian of the person and
estate of my said son Joseph Westwood Baker." The estate of
the child consisted entirely of property held in trust by the
said Stephens, part of it derived from the father, which part
was to remain in trust until the child became twenty-five years
of age, and the remainder by devise from one Sarah W. Gar-
rett to remain in trust until he was of age. All of it was
situated in Fresno County and a considerable portion of it
was real estate. The fact that the will purported to appoint
Stephens the guardian of her son coming to the knowledge of
the appellant, she employed an attorney in Fresno to rep-
resent her in the matter and instructed him that she desired
to retain the custody and guardianship of the person of her

son. Thereupon it was agreed between her attorney and the attorney for Stephens that Stephens should waive the guardianship of the person and yield to her the custody and control of the child, but that he should be the guardian of the estate. Stephens then filed his application in the superior court of Fresno County, reciting the testamentary appointment aforesaid, and declining the guardianship of the person of the child, alleging that the minor was a resident of Fresno County, and asking the court to fix the amount of his bond as guardian and trustee of said estate, and to direct the clerk to issue letters of guardianship to him. The court made an order that this application be heard on September 11, 1905. This application and order were served on the appellant's attorney and by him delivered to her. She then signed and filed a writing as follows: "I hereby consent and agree that L. O. Stephens may be the trustee and guardian of the estate of said minor, but not of his person." Upon the hearing the court made an order fixing the amount of bond of Stephens as guardian and trustee and directing the issuance of letters of guardianship of the estate to him. Stephens filed the required bond, took the oath, and received the letters accordingly. Afterwards, on March 8, 1906, the mother filed in the said court a petition to revoke the order and the letters so issued and to dismiss the guardianship proceedings. The appeal is from the order denying this petition.

The provision of the statute, applicable herein, relating to testamentary guardians are as follows:—

"A guardian of the person or estate, or of both, of a child born, or likely to be born, may be appointed by will or by deed, to take effect upon the death of the parent appointing: 1. If the child be legitimate, by the father, with the written consent of the mother; or by either parent, if the other be dead or incapable of consent; 2. If the child be illegitimate, by the mother." (Civ. Code, sec. 241.)

"The superior court of each county, when it appears necessary or convenient, may appoint guardians for the persons and estates, or either of them, of minors who have no guardian legally appointed by will or deed, and who are inhabitants or residents of the county, or who reside without the state and have estate within the county." (Code Civ. Proc., sec. 1747.)

"Every testamentary guardian must qualify and has the same powers and must perform the same duties with regard to the person and estate of his ward as guardians appointed by the court, except so far as his powers and duties are legally modified, enlarged, or changed by the will by which such guardian was appointed, and except that such guardian need not give bond unless directed to do so by the court from which the letters of guardianship issue." (Code Civ. Proc., sec. 1758.)

The appellant contends that the testamentary appointment of Stephens was ineffectual because she did not consent thereto during the lifetime of the father, and that the proceedings in the superior court of Fresno County are void, for the reason, as alleged, that the minor was not at that time or afterwards, a resident or inhabitant of Fresno County, but lived and resided in San Francisco, and that therefore the superior court of Fresno County was without jurisdiction.

A deed may be made, to take effect immediately upon its execution, or, within certain limitations, at any time afterwards, even after the death of the grantor. A will can have no effect whatever until the testator is dead. Hence it is probable that the phrase "to take effect upon the death of the parent appointing," added as a qualification to the introductory paragraph of section 241 of the Civil Code, was intended to refer only to appointments made by deed. We do not, however, regard this clause as important. By the first subdivision of the section, the mother's consent in writing is required in all cases, if she is living. This implies that her consent is to be given at some time after the appointment has become otherwise effectual, that is, after the death of the father, since, until that time, it could not be known that she would survive, and it cannot be doubted that an appointment by the father either by will or by deed, to which the mother had not in her lifetime consented, would be effectual without such consent, if he survived her. Her consent is essential only in case she survives. The father's appointment is ineffective before his death, is, in fact, no appointment at all until his death. It is, therefore, only upon his death that her consent becomes of any importance. Furthermore, the will not only does not speak, as it is said, until the death of the testator, but is wholly inoperative before it is probated,

and the appointment of a guardian by will cannot be said to have been made until the validity of the will making it has been thus established. Hence, if she survives, but dies before probate, without executing any consent to the appointment, or making an appointment herself, the father's testamentary appointment would obviously be valid, although not confirmed by the consent of the mother. In view of these contingencies, it is the most reasonable construction of the statute to hold that her consent to a testamentary appointment may be effectually given after the father's death as well as before. There can be no hardship in this result. The appointment, if she survive, is of no effect if she dissent, and by the same subdivision which gives her this power of veto, she being the survivor, may withhold her consent and may appoint whom she chooses, or may herself apply to the court for appointment under section 1747, Code of Civil Procedure. She is then in control of the entire matter. We are therefore of the opinion that the appointment was valid and became effectual upon the death of the father and the subsequent written consent of the mother manifested by the writing above mentioned.

The argument that the superior court of Fresno County was without jurisdiction to make the order directing Stephens to give a bond as testamentary guardian, is based on the assumption that, at the time that order was made and the proceeding therefor instituted, the minor was not a resident of Fresno County. In the original proceeding the petition of Stephens alleged that the minor was then a resident of Fresno County. Upon the hearing of that petition the court found this allegation to be true and so recited in the order directing and fixing the amount of the bond. This finding as to the jurisdictional fact is conclusive unless it was obtained by fraud or mistake. In the present proceeding to set aside that order there is an attempt to allege that this finding as to the residence of the minor was obtained by fraud upon the court and upon the present petitioner, Page E. T. Baker, the mother of the minor. The court finds that this allegation is untrue and that there was no fraud in obtaining the former order. It is contended that this finding is contrary to the evidence. The record before us, however, does not enable us to review the finding of the court below on that subject and it is there-

fore conclusive. The bill of exceptions contains no specifications of particulars wherein the evidence is insufficient to justify the findings. Such specification is necessary in order to authorize this court to review the evidence and consider its sufficiency to support the order. (Code Civ. Proc., sec. 648; *Winterburn* v. *Chambers,* 91 Cal. 185, [27 Pac. 658]; *Meades* v. *Lazar,* 92 Cal. 227, [28 Pac. 935]; *Estate of De-peaux,* 118 Cal. 290, [50 Pac. 387]; *Estate of Behrens,* 130 Cal. 418, [62 Pac. 603].) The finding is therefore conclusive as to the residence of the minor and establishes jurisdiction upon any theory of the law as to the place of jurisdiction. Section 1758, Code of Civil Procedure, which authorizes the court to make the order in question is silent as to the county in which the proceeding must be instituted. Whether jurisdiction would lie in the county where the minor resided, the county where the will was probated, the county where the property was situated, the county where the guardian resided, or in that one of these counties first acquiring jurisdiction, or whether section 1747, providing by its terms only for jurisdiction in cases of guardians appointed by the court (*Estate of Taylor,* 131 Cal. 180, [63 Pac. 345]), can be construed to apply to testamentary guardians and place the jurisdiction in the county where the minor resides or is an inhabitant, are questions not here presented, since Fresno County upon the record before us, answers to all the descriptions. We express no opinion upon the subject.

In view of the conclusions we have reached upon the merits we think that the alleged errors of law occurring at the trial and so very briefly discussed by counsel are unimportant. It is unnecessary to consider them.

There are some indications that this petition was intended as an application, under section 473 of the Code of Civil Procedure, to set aside the previous order as a proceeding taken against the appellant through her surprise, inadvertence, and excusable neglect. Although there is no specification of the insufficiency of the evidence, we have examined the bill of exceptions on this point, and find the evidence wholly insufficient to establish any abuse of discretion on the part of the court below in denying her application, or to show that she was not fully advised of the facts and of her rights, assuming the application to be for relief under that section.

The order appealed from is affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.