## In re SNOWBALL'S ESTATE.*

### Sac. No. 1708; August 30, 1909.

#### 104 Pac. 444.

**Guardianship — Prior Proceedings—Res Judicata.**—Determination of an issue as to the fitness of the mother of certain children to act as their guardian in a prior application for appointment is res judicata on a subsequent application between the same persons, except as to evidence of facts occurring since the former order.

*See 156 Cal. 235, 104 Pac. 446.

Guardianship.—Where Certain Facts Offered to Prove a Mother's alleged abandonment of her children, as a defense to her application for guardianship, were insufficient as a matter of law to establish abandonment, objectors to her appointment were not prejudiced by the exclusion of such evidence.

Parent and Child—Abandonment of Children.—In the absence of proof that a mother intended to bring about final separation from her minor children, evidence of mere temporary absences accompanied by statements not indicating an intent to surrender parental rights, and the fact that she placed the children in care of another while she was away, was insufficient to establish abandonment.

Guardianship — Testamentary Appointment — Consent.—Under Civil Code, section 241, declaring that a guardian of the person or estate of a child may be appointed by a will or deed if the child be legitimate by the father with the written consent of the mother, or by either parent if the other be dead or incapable of consent, a testamentary appointment by the father of a legitimate child having a surviving mother without the mother's consent is invalid.

Guardianship—Right to Appointment—Priority.—Code of Civil Procedure, section 1751, gives to the surviving mother of infants a primary right to be appointed their guardian, which should be recognized in the absence of proof compelling a finding of her unfitness.

APPEAL from Superior Court, Yolo County; E. E. Gaddis, Judge.

Petition by Leutie C. Snowball to be appointed guardian of the persons and estates of Aldanita Ann Snowball and Carmen Snowball, minors, to which Winnette Squires filed objections, and prayed that she be appointed guardian of their estate. From an order granting the petition of the mother, Leutie C. Snowball appeals. Affirmed.

R. H. Countryman for appellant; Arthur C. Huston and Harry L. Huston for respondent.

SLOSS, J.—Aldanita Ann Snowball and Carmen Snowball are minor children of Milton S. Snowball, now deceased, and of the respondent Winnette Squires, who, after having been divorced from Milton S. Snowball, was married to Lowell Squires. Each of the children is under fourteen years of age. Milton S. Snowball died in January, 1908, leaving a will, under the terms of which his children were named as beneficiaries. On June 15, 1908, Leutie C. Snowball (sister of Milton S.) filed her petition praying that she be appointed guardian of the persons and estates of the said minors. Mrs.

Squires, the mother of the children, filed a petition on her own behalf, in which she asked that she be appointed as guardian of the estate of each of the minors. Both petitions were set for hearing at the same time, and such hearing resulted in an order granting the petition of Winnette Squires and denying that of Leutie C. Snowball. From this order Leutie C. Snowball appeals.

In her pleading the appellant alleged that Winnette Squires was not a fit or proper or competent person to have the care or custody of either of said minor childen. The court found this allegation to be untrue. It appeared that on the 17th of February, 1908, some four months prior to the commencement of the present proceeding, Leutie C. Snowball, the petitioner herein, had filed in the superior court a petition asking that she be appointed guardian of the persons of the said minors. Opposition to this application was filed by Winnette Squires. The matter came on for hearing on the twenty-fourth day of February, 1908, at which time the petitioner amended her petition by inserting an allegation that ''Winnette Squires, the mother of the said minors, is incompetent, and not a fit and proper person to act as their guardian.'' This allegation was denied by Mrs. Squires, and thereupon, evidence having been introduced, the court made findings to the effect, among other things, that the mother was competent and a fit and proper person to act as guardian of the children, and entered a judgment that the amended petition of Leutie C. Snowball be denied. The proceedings upon this former application having been offered in evidence and shown to the court upon the hearing of the petitions in this proceeding, the court, upon the objection of the respondent, excluded certain testimony offered by the petitioner for the purpose of showing unfitness on the part of the mother. If this ruling had gone so far as to preclude the petitioner from showing, by any character of testimony, the alleged unfitness of Mrs. Squires, it would undoubtedly have been erroneous. The doctrine of res adjudicata cannot apply to successive applications for guardianship of minors to the extent of precluding the court, upon the later application, from a consideration of such circumstances as may have occurred since the rendition of the prior order. If the person appointed guardian should, after appointment, develop or exhibit traits of character indicat-

ing an inability to properly perform the functions of guardianship, the changed conditions may, of course, be shown to the court with a view to invoking its power to make new provision for the custody or care of children: See Beyerle v. Beyerle, 155 Cal. 266, 100 Pac. 702. Here, however, the objection of respondent and the rulings of the court were carefully limited so as to preserve the right of appellant to prove Mrs. Squires' unfitness by any fact or circumstance which had not occurred or existed prior to the hearing of February, 1908. Her fitness to act as guardian at the time of that hearing had there been made an issue. That issue had been found in her favor, and the court had upon such finding denied the application of Miss Snowball for letters of guardianship. This was an adjudication of the rights of the parties (Ex parte Miller, 109 Cal. 643, 42 Pac. 428) at the time of the proceeding. That the order took the form of a denial of relief to petitioner made it none the less a determination, upon the merits, of her claim, and an adjudication, binding in every subsequent litigation between the same parties, as to every fact necessarily found as the basis of the order: Estate of Harrington, 147 Cal. 124, 109 Am. St. Rep. 118, 81 Pac. 546. The order of February, 1908, denying appellant's petition, conclusively determined, therefore, as between the parties, the fitness and competency of the mother at that time. To hold otherwise would mean that a party defeated in an effort to establish a superior right to be appointed guardian of minors could, notwithstanding the adverse finding of the court on material issues, present the same issues and retry them in any number of subsequent proceedings. It may be that, where it is claimed that the circumstances have changed since the making of the first order, evidence of facts antedating that order may be admissible, in connection with later occurrences, as a basis for the contention that all of the facts, taken together, show unfitness. But no such question was presented here. The appellant offered to show on the issue of unfitness only matters which had taken place before the earlier hearing, and, in effect, to relitigate in this proceeding the very issue which had already been decided against her.

The first application was for guardianship of the persons only; the second, for guardianship of persons and estates. The court permitted the appellant to offer any testimony she

had on the new issue presented; i. e., the fitness of respondent to act as guardian of the estates of the minors.

The appellant made an offer to prove certain facts which, as she claimed, tended to show that the respondent had abandoned the children, and had thereby forfeited her right to guardianship: Civ. Code, sec. 246, subd. 4. All of said facts occurred prior to the guardianship proceedings of February, 1908. An objection to the offer was sustained. Regardless of whether the appellant was precluded by the judgment in the earlier proceeding from showing matters which might have been there litigated (Rucker v. Langford, 138 Cal. 611, 71 Pac. 1123), we are satisfied that the appellant was not injured by the ruling for the reason that the facts alleged were not sufficient to show an abandonment. In order to constitute abandonment, "there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same": Gay v. State, 105 Ga. 599, 70 Am. St. Rep. 68, 31 S. E. 569; Shannon v. People, 5 Mich. 71. There must be more than a mere temporary absence or neglect of parental duty: State v. Davis, 70 Mo. 467. There was nothing in the offer here made which would justify the inference that the respondent ever intended to bring about a final separation from her children. At most, there was an offer to prove temporary absences, accompanied by statements, which do not in any way evidence an intent to surrender parental rights. While respondent was away from her children they were in the care of a Mrs. Chambers. In the absence of proof of the circumstances under which the children were placed with Mrs Chambers, the fact that the respondent allowed them to remain with her is not enough to establish an intent to throw off the obligations of a mother.

The court properly declined to consider the will of Milton S. Snowball, whereby he undertook to appoint the appellant as guardian of his children. Unsupported, as it was, by the written consent of the mother of the children, the attempted appointment was void: Civ. Code, sec. 241; In the Matter of Baker, 153 Cal. 537, 96 Pac. 12. In view of what we have said regarding the offer to prove abandonment, we need not discuss the appellant's position regarding the effect of aban-

donment by the mother on her right to control a testamentary appointment by the father.

The point that the evidence is insufficient to sustain the finding of fitness on the part of the respondent is without merit. There was testimony which fully authorized the conclusion reached. The mother had the primary right to be appointed (Code Civ. Proc., sec. 1751) and, in the absence of proof compelling a finding that she was not fit to act as guardian, this right was properly recognized: In re Campbell's Estate, 130 Cal. 381, 62 Pac. 613; Guardianship of Salter, 142 Cal. 412, 76 Pac. 51.

There was no substantial error in admitting or rejecting evidence.

The order appealed from is affirmed.

We concur: Shaw, J.; Angellotti, J.