[S. F. No. 5961.   Department One.—May 18, 1912.]

In the Matter of the Adoption and In the Matter of the Guardianship of the Person and Estate of MAVIS KATHRYN ALLEN, a Minor.

GUARDIANSHIP OF MINOR — TESTAMENTARY APPOINTMENT — WHO MAY APPOINT.—The right to appoint a guardian of a minor by will or deed is statutory, and under section 241 of the Civil Code, a guardian of a legitimate child may be so appointed "by the father, with the written consent of the mother; or by either parent, if the other be dead or incapable of consent."

ID.—CUSTODY OF CHILD AWARDED TO MOTHER BY DIVORCE DECREE— CUSTODY AFTER DEATH OF MOTHER.—A decree of divorce, whereby the custody of a minor child was awarded to the mother, did not absolutely end the father's right to its control; it merely determined that, as between the husband and wife, the child should be placed in the custody of the latter until some other disposition should be made. It did not undertake to provide for the custody of the child after the mother's death.

ID.—FATHER'S RIGHT TO CUSTODY AFTER DEATH OF MOTHER.—Upon the death of the parent to whom is awarded the custody of a minor child by the decree divorcing the parents, the other parent becomes entitled to the custody.

ID.—DIVORCED MOTHER CANNOT APPOINT GUARDIAN BY WILL DURING LIFE OF FATHER.—A mother to whom a decree of divorce has awarded the custody of a minor child, has no right to appoint a testamentary guardian thereof, if the father of the child was alive at the time of her death. Such an attempted appointment is entirely without force or effect, and did not become operative upon the subsequent death of the father.

ID.—WHEN MOTHER MAY APPOINT TESTAMENTARY GUARDIAN.—Under section 241 of the Civil Code, a mother is authorized to appoint a testamentary guardian of a minor child only in the event that the father is dead or incapable of acting. This condition must exist at the date of the mother's death, or at least when her will is probated.

ID.—CONTEST FOR GUARDIANSHIP—APPLICANTS WITHOUT PREFERENTIAL RIGHT—DISCRETION IN APPOINTMENT.—On a contest for letters of guardianship of a minor, when neither of the applicants has any preferential right to the appointment, the court is authorized, under section 246 of the Civil Code, to exercise its discretion in appointing one or the other of the contending parties, having due regard for the considerations set forth in that section.

ID.—CONSIDERATIONS ACTUATING APPOINTMENT—WELFARE OF CHILD—PREFERENCE EXPRESSED BY MINOR.—In such a case the primary consideration for the guidance of the court is "the best interest of the child with respect to its temporal and its mental and moral welfare," and the conclusion reached by the court will not be set aside on appeal unless it was reached as the result of an abuse of discretion. In reaching its conclusion the court may take into consideration a preference expressed by the minor, even though the child was under the age of fourteen.

APPEALS from an order of the Superior Court of the City and County of San Francisco refusing to set aside an order for the adoption of a minor, and from an order refusing a petition for letters of guardianship of the person and estate of such minor. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

J. S. Reid, for Appellant.

D. S. Hirshberg, for Respondent.

SLOSS, J.—The controversy embodied in these appeals turns upon the right to the custody of Mavis Kathryn Allen, a minor. The minor is the daughter of Peri E. Allen and Catherine B. Allen, who, at the date of the child's birth, August 29, 1900, were husband and wife. On October 16, 1901, in an action instituted by the wife, a decree of divorce was entered in her favor, and by the decree the care, custody, and control of the minor were awarded to the plaintiff in the action, "with the privilege given the defendant of visiting said child at all reasonable times."

The mother, to whom the custody of the child had thus been granted, died on June 2, 1903, leaving a will which contained, among other things, a request that if the testatrix should leave issue, Jennie Allen, a sister of Peri E. Allen, and appellant here, should "have the care and custody of such issue." We

shall assume, for the purposes of this opinion, that the appellant is correct in construing the language quoted as equivalent to a testamentary appointment of Jennie Allen as guardian, so far as the testatrix had power to make such appointment. The will was admitted to probate in the superior court of the city and county of San Francisco. After the death of the mother, the father applied to said court for letters of guardianship of the person and estate of said child, and such letters were issued to him on August 12, 1903. From then until August 19, 1910, when Peri E. Allen died, he remained the guardian of the person and estate of the child.

On September 15, 1910, Louisa V. Allen, with whom Peri E. Allen had contracted a second marriage, instituted a proceeding for the adoption of the minor, and on the same day the superior court of the city and county of San Francisco made an order for such adoption. At that time, and for a long period theretofore, the appellant was out of the jurisdiction. She returned to San Francisco, and on December 14, 1910, served a notice of motion to revoke the order of adoption and filed a petition for letters of guardianship of the person and estate of the minor. The respondent, Louisa V. Allen, filed an opposition and a counter petition for her own appointment as guardian. The motion to set aside the adoption and the petitions for letters of guardianship, were heard together. The court denied the motion to set aside the adoption, and in the guardianship proceeding, made an order denying Jennie Allen's petition for letters of guardianship and granting Louisa V. Allen's petition for such letters.

Jennie Allen now appeals from these orders. She raises many points, but as most of them are founded upon the assumption that the attempt of the mother to appoint a guardian by will was valid, the inquiry may be simplified by an examination of the soundness of this assumption.

The right to appoint a guardian by will or deed is statutory. Under the law of this state (Civ. Code, sec. 241) a guardian of a legitimate child may be so appointed "by the father, with the written consent of the mother; or by either parent, if the other be dead or incapable of consent." The father, in this case, was not dead when the will took effect. Nor was he "incapable of consent." It is argued that the decree of divorce, whereby the custody of the child was awarded to the

mother, terminated the father's claims to the control of the child, and made him incapable of objecting or consenting to any disposition that the mother might see fit to make. The contention attributes a very broad meaning to the term "incapable of consent." But, even if this interpretation be adopted, the argument fails for the reason that the father's right was not absolutely ended by the decree of divorce. The decree dealt with the situation as it stood, and merely determined that, as between the husband and the wife, the child should be placed in the custody of the latter until some other disposition should be made. (Civ. Code, sec. 138.) It did not undertake to provide for the custody of the child after the mother's death. In line with this view, it is almost universally held that, upon the death of the parent to whom is awarded the custody of a minor child by the decree divorcing the parents, the other parent becomes entitled to the custody. (14 Cyc. 809; *In re Blackburn,* 41 Mo. App. 622; *In re Neff,* 20 Wash. 653, [56 Pac. 383]; *In re Robinson,* 17 Abb. Pr. (N. Y.) 399; *Taylor* v. *Jeter,* 33 Ga. 195, [81 Am. Dec. 202].) And such, too, has been the ruling of this court, (*Schammel* v. *Schammel,* 105 Cal. 258, 38 Pac. 729]). It follows that at the time of the mother's death, when her appointment was intended to become operative (Civ. Code, sec. 241; *Matter of Baker,* 153 Cal. 537, [96 Pac. 12]), she had no right of appointment, because the father was alive and entitled to the control, which he in fact assumed. The attempted appointment of appellant as testamentary guardian was, therefore, entirely without force or effect. (See *In re Neff,* 20 Wash. 653, [56 Pac. 383]; *Taylor* v. *Jeter,* 33 Ga. 195, [81 Am. Dec. 202]; *McKinney* v. *Noble,* 38 Tex. 195.) It is suggested that the appointment, even if ineffectual when the mother died, became operative upon the subsequent death of the father. It is sufficient to say, with regard to this contention, that it is not consistent with the language of section 241 of the Civil Code, which authorizes an appointment by the mother in the event, only, that the father be dead or incapable of acting. The condition must exist at the date of the mother's death, or, at least, when her will is probated. It is also claimed that the father could give validity to the appointment by a subsequent consent. This we need not consider, for the father did not consent to the guardianship of the ap-

pellant. On the contrary, he manifested his dissent in the clearest possible way by applying for and obtaining letters of guardianship himself.

If the appellant could base no valid claim on the provision of the mother's will, it follows that she is without interest or standing to attack the adoption proceedings, and cannot complain of any error, if error there was, in those proceedings. She had no natural right to the custody of the child, and had not been appointed guardian by the court.

She was, however, entitled, as any other competent person would be, to petition the court to appoint her as guardian, and to appeal from the order denying her petition. But, on such application for letters, she had no right to preference over the respondent, who also sought to be appointed. Since the appointment sought to be made by the will of the mother was ineffectual, the court was authorized, under the provisions of section 246 of the Civil Code, to exercise its discretion in appointing one or the other of the contending parties, having due regard for the considerations set forth in that section. Where neither parent is claiming the right (Code Civ. Proc., sec. 1751; *In re Campbell*, 130 Cal. 380, [62 Pac. 613]), the primary consideration for the guidance of the court is "the best interest of the child with respect to its temporal and its mental and moral welfare" (Civ. Code, sec. 246), and the conclusion reached will not be set aside on appeal unless it was reached as the result of an abuse of discretion. It cannot be said that the record here discloses such abuse of discretion. At the time of the hearing, the minor was, and had for some time been, residing with the respondent. She expressed a desire to have the respondent appointed, and this preference the court had the right to take into account even though the child was under the age of fourteen. (Civ. Code, sec. 246.) The contentions that the respondent had concealed property belonging to the minor, and that her own interests were adverse to those of the minor, were properly presented to the trial court, but the evidence was such as to justify the conclusion that there had been no willful concealment, and that the respondent asserted no property right as against the claims of the minor. It is unnecessary to detail the evidence relating to the respondent's ability, financially and otherwise, to care for the child. On

the whole case, we are satisfied that the court was justified in determining that the interests of the child, in respect to its temporal, mental, and moral welfare, would be best served by the appointment of the respondent.

We have not discussed the question whether by the adoption the respondent had not gained the *status* of parent, and, as such, a preferential right to letters of guardianship. In view of the claim that the respondent sought, by adopting the child, to forestall appellant's expected assertion of a right to guardianship, we have preferred to consider the respective claims of the parties to letters as if the adoption had not preceded the rival applications to be appointed guardian. Even on this state of facts, the action of the court below should, as we have seen, be upheld.

The orders appealed from are affirmed.

Shaw, J., and Angellotti, J., concurred.

Hearing in Bank denied.