[Civ. No. 8156. Second Appellate District, Division Two.—March 2, 1932.]

In the Matter of the Estate and Guardianship of BER-NICE LOUISE SMITH (a Minor). ONIE BERNICE EMME, Appellant, **v.** FRANK EMME, Respondent.

John M. Gault, Don R. Lehman, Roy M. Sayre and W. Frank Shelley for Appellant.

Bayard R. Rountree and Thomas P. White for Respondent.

THOMPSON (IRA F.), J.—The petitioner and contestant were husband and wife and Bernice Louise Smith, the minor, who was eight years of age at the time of the trial, had lived with them since she was about two weeks old. However, she had not been legally adopted. At or about the same time that a complaint for divorce was filed, Mrs. Emme filed her petition to be appointed guardian of the estate and person of the minor, to which the husband responded by asking that he be appointed and alleging that his wife was not a fit and proper person to be entrusted by the court with the responsibilities involved. By stipulation of the parties the cause was heard at the same time as the divorce

action. This is an appeal from a judgment in favor of the husband.

The appellant sets up two reasons for a reversal of the judgment. She says first that the evidence is overwhelmingly against the finding that she is not a fit and proper person to have the custody of the child, and second, that the evidence does not support the finding that it is for the best interest of the child to place her in the custody of the respondent. It is patent that the entire argument is that the testimony is insufficient to support the decision. Before we pass to a recital of the essential evidence we must observe that counsel have, we think inadvertently, violated Rule VIII of the Rules for the Supreme Court and District Courts of Appeal, in that they have failed to present an appropriate heading, showing the nature of the question to be presented. In view of the fact that the opening paragraph of the discussion under each point would have constituted such a heading had it been printed in appropriate type and set apart as such we have concluded not to dismiss this appeal but we must call the attention of the profession to the fact that such is not a sufficient compliance with the rule and in effect give warning that we must insist upon a full and complete conformance with its requirements.

It is not necessary that we here review all of the testimony adduced at the hearing. Sufficient it is, for our purpose, to say that the evidence supporting the decision, discloses that appellant was found by respondent upon his unexpected return from a hunting trip in a very compromising and unmotherly situation; that on many evenings she was out until very late while respondent was required to care for the child; that she was given to profanity; that during the trial of the action she interrupted the witnesses on several occasions to say they were lying, or to laugh at them; that she seriously objected to the religious upbringing of the child which she and her husband had promised the child's natural parents; and that respondent was able to and would give the girl not only elementary but collegiate training. The court was well within its rights in concluding as it did, and in view of the law that "the primary consideration for the guidance of the court is 'the best interest of the child with respect to its temporal and its mental and moral welfare'" (*In re Matter of Allen,* 162 Cal. 625 [124 Pac. 237]), it is

difficult to understand how a different result could have been reached.

Judgment affirmed.

Craig, Acting P. J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 1, 1932.