[Civ. No. 17001.   Second Dist., Div. Three.   Nov. 29, 1949.]

MICHAEL H. BECKER, Plaintiff and Appellant, v. LOLA BECKER, Respondent; GOLDIE BECKER, Intervener and Appellant.

Crawford & Heath for Plaintiff and Appellant.

Harry M. Bowman for Intervener and Appellant.

Joslyn & Hollopeter for Respondent.

VALLÉE, J.—Appeal from an order modifying a prior order made in an action for divorce with respect to the custody of a minor child. Michael H. Becker is the father of the child. Goldie Becker is the paternal grandmother. Lola Becker is his mother. The child is under the age of 14 years.

On January 18, 1945, the father was granted an interlocutory decree of divorce. The decree awarded custody of the child to the mother. On December 19, 1945, an order was made modifying the provision of the interlocutory decree by awarding custody of the minor to the paternal grandmother. On January 24, 1946, a final decree was entered which provided that the provision in the interlocutory decree with respect to custody of the child should be continued in force. On October 22, 1948, the court made an order reading as follows:

"THE COURT FINDS that it is to the best interests of the minor child of the parties hereto to remain in the custody of the paternal grandmother, Goldie Becker; that both plaintiff and defendant are fit and proper persons; as between the two parties to this action, it is to the best interests of the minor child that custody be given to the defendant.

"IT IS ORDERED that the order herein made on December 19, 1945, and filed on December 24, 1945, modifying the Interlocutory Judgment of Divorce herein re custody of minor child, and said Interlocutory Judgment of Divorce and Final Judgment of Divorce are hereby modified, as follows:

"IT IS FURTHER ORDERED that the custody of the minor child of the parties hereto be awarded to the defendant, Lola Becker Terhorst, subject to reasonable visitation by the plaintiff." The father and the paternal grandmother appeal from the latter order.

Appellants contend that: (1) the court erred in awarding custody to the mother in face of the express finding that it is to the best interest of the child to remain in the custody of the paternal grandmother, and (2) the court erroneously applied the law to the facts.

The court did find that it is to the best interest of the child to remain in the custody of the paternal grandmother, but it also found that the mother was a fit and proper person and that it is to the best interests of the child that custody be given to the mother. The latter finding is sufficient to support the order.

Prior to 1931, Code of Civil Procedure, section 1751 provided that "The father or the mother of a minor child under the age of fourteen years, if found by the court competent to discharge the duties of guardianship, is entitled to be appointed a guardian of such minor child, in preference to any other person. The person nominated by a minor of the age of fourteen years as his guardian, whether married or unmarried, may, if found by the court competent to discharge the duties of guardianship, be appointed as such guardian. The authority of a guardian is not extinguished nor affected by the marriage of the guardian." In 1931, section 1751, was repealed and reenacted as Probate Code sections 1406 and 1410 except that the first sentence of section 1751 was not reenacted. The cases which construed the first sentence of section 1751 held that as between a parent and a stranger if the parent was competent and had not abandoned the child or failed to maintain it, and had the ability so to do, the court had no choice, but must award the child to the parent. (*In re Campbell,* 130 Cal. 380 [62 P. 613] ; *Matter of Forrester,* 162 Cal. 493 [123 P. 283] ; *Matter of Allen,* 162 Cal. 625 [124 P. 237] ; *Guardianship of Mathews,* 169 Cal. 26 [145 P. 503] ; *In re Mathews,* 174 Cal. 679 [164 P. 8] ; *In re Green,* 192 Cal. 714 [221 P. 903].) Appellants argue that because the first sentence of Code of

Civil Procedure, section 1751, was repealed in 1931, the rule stated in the cited cases no longer obtains.

It is sufficient for us to say that since the repeal in 1931, the same rule has been consistently followed. (*Roche* v. *Roche*, 25 Cal.2d 141 [152 P.2d 999] ; *Stever* v. *Stever*, 6 Cal.2d 166 [56 P.2d 1229].) In the Stever case the court said, page 170 : " . . . before the court can deprive the mother of her right to the minor's custody and give her into the charge of strangers, there must be a finding that the mother is an unfit person to have the custody of her child." In the recent case of *Heinz* v. *Heinz*, 68 Cal.App.2d 713 [157 P.2d 660], it was said, page 714 : "The law is established in California that a court does not have jurisdiction to award the custody of a minor child to a stranger as against a parent who is found to be a fit and proper person to have its custody and who is in a position to take care of the child." The paternal grandmother is a stranger. (*Robertson* v. *Robertson*, 72 Cal.App.2d 129, 133 [164 P.2d 52].) The court having found that the mother is a fit and proper person to have the custody of the child, as between the paternal grandmother and the mother, it could not do other than award the custody to the mother.

Appellants' next point is based on the contention that no showing was made of a change of circumstances between December 19, 1945, and October 22, 1948. Assuming, without deciding, that a showing of a change of circumstances was necessary, we think the change is apparent. At the time the paternal grandmother was given custody the mother was 16 years of age. She did not have a home in which to keep the child. She could not afford to pay anyone to care for the child for her. It was necessary that she work to support herself. At that time her circumstances were such that she was practically compelled to leave the child with the paternal grandmother. On October 22, 1948, the mother was several years older. She had remarried. Her husband was capable of supporting the child and willing and anxious to have the child in his home. She had a home in which to care for the child. She also had another child. These changes were sufficient. We find no abuse of discretion in the order awarding custody of the child to the mother.

Affirmed.

Shinn, P. J., and Wood, J., concurred.