Roberta M. JACKSON, Appellant,

v.

Charles S. FITZGERALD, Appellee.

No. 3045.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 22, 1962.

Decided Nov. 27, 1962.

Paul J. McGarvey, Washington, D. C., for appellant.

John J. Spencer, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

Mrs. Jackson filed a complaint against her son-in-law, asking for custody of her four-year-old granddaughter, or in the alternative, for the right of visitation. The child, whose mother had died, was in the custody of its father. On motion of the defendant-father, the trial court dismissed the complaint on the ground that it failed to state a cause of action. Under the order, plaintiff was given leave to file an amended complaint. She did not avail herself of that opportunity, but brought this appeal.

The substance of the complaint was that the child and its mother had lived with plaintiff for a year at one period, and for some seven months at a later period; that during such periods plaintiff expended considerable money for the support of the child, and had devoted much care and attention to it. Claiming that the child would benefit by her companionship, the grandmother asked for permanent custody, or in the alternative, for the right of visitation.

We agree with the trial court that the complaint did not state a case on which relief could have been granted. Rule 5 of the Domestic Relations Branch requires that in complaints for custody, "the circumstances constituting grounds for custody shall be stated with particularity." Even in the absence of such a rule we would feel constrained to hold that a complaint which stated no more than this one did, is insufficient.

The child's mother having died, the father was its only natural guardian and custodian, and is entitled to custody and control unless it is alleged and established that he is unfit, and that the welfare of the child requires its removal from such custody.[1] It has been said that in the absence of a charge of unfitness a grandparent is a "third person,"[2] without legal standing to demand custody.[3]

In the absence of any charge of unfitness or misconduct, there was plainly no basis for disturbing the father's right to custody. And, logically, the same must be said as to the claim for visitation rights.

1. Becker v. Becker, 94 Cal.App.2d 830, 211 P.2d 598; Bush v. Bush, 342 Ill.App. 86, 95 N.E.2d 121; Noll v. Noll, 277 App.Div. 286, 98 N.Y.S.2d 938; 67 C.J.S. Parent and Child § 11c.

2. Woods v. Martin, 212 Ga. 405, 93 S.E.2d 339.

3. Odell v. Lutz, 78 Cal.App.2d 104, 177 P. 2d 628; Succession of Reiss, 46 La.Ann. 347, 15 So. 151, 25 L.R.A. 798; 39 Am.Jur., Parent and Child § 14.

726

The right of visitation derives from the right to custody. The court could not award the plaintiff visitation rights without impinging on the father's vested right of custody. And that could not be done on the basis of the barren complaint we have described.

Courts are not insensitive to the yearning of grandparents and other relatives for the company of children in their families. But such cannot be translated into a legal right without a showing that it is dictated by the needs and welfare of the child. In the absence of such a showing, custodial control goes along with custodial responsibility.

Affirmed.