[No. 14329.   Department One. — December 9, 1891.]

IN THE MATTER OF THE GUARDIANSHIP OF ROBBIN VANCE AND STEWART VANCE, MINORS.

92  195
109 662

PARENT AND CHILD — ABANDONMENT OF CHILDREN — CUSTODY OF GRAND-
MOTHER. — Where a father has left his children under fourteen years of age to be supported and cared for by their grandmother, recognizing her right to their custody, and at various times declared his intention never to reclaim them, his abandonment of the children is sufficiently shown, and the grandmother is entitled to their custody and guardianship as against the father.

ID. — FORFEITURE OF GUARDIANSHIP. — The father forfeits his guardianship of his child under the age of fourteen years, whom he has abandoned, and can no longer claim its custody.

ID. — RESIDENCE OF ABANDONED CHILD — JURISDICTION OF GUARDIAN-
SHIP. — The general rule that the residence of the father during his life is the residence of his unmarried minor child does not apply when the child is under fourteen years of age, and has been abandoned by the father; and the superior court of the county in which such abandoned child resides in the custody of its grandmother has jurisdiction ·to ap-point her as guardian for the child, though the father resides in a differ-ent county.

ID. — SURREPTITIOUS REMOVAL BY FATHER — CHANGE OF RESIDENCE. —
The residence of such abandoned child with its grandmother is not changed by its surreptitious removal by the father to another county.

APPEAL from an order of the Superior Court of So-noma County granting letters of guardianship.

The facts are stated in the opinion.

*W. H. Barrows*, and *Barham & Bolton*, for Appellant.

*J. R. Leppo*, for Respondent.

Belcher, C.— On the 14th of October, 1890, Mrs. Mary L. P. Mountjoy filed in the superior court of Sonoma County her petition praying that she be appointed guardian of the persons of Robbin and Stewart Vance. She stated in the petition that Robbin was a little girl about eight years old, and Stewart a little boy about five years old; that they were the children of John B. Vance and Louise F. Vance, but that the mother was dead; that she was the grandmother of the children, and that they had been living with her at Santa Rosa, Sonoma County, and in her care and custody, for several years; and that the father was not a fit or proper person to have the care and custody of them.

The father filed an answer to the petition, and denied that he was not a fit and proper person to have the care and custody of the children; denied that it was necessary that a guardian of the persons of the children should be appointed, inasmuch as he was their legal guardian; and alleged that the children were then, and had been since prior to the filing of the petition, inhabitants and residents of the city and county of San Francisco.

After a hearing, the court found, among other things, that the children had been residents of Sonoma County for more than four years last past, living with their grandmother, the petitioner, who had sole care and custody of them during that time; that on the twelfth day of October, 1890, the father, without the knowledge or consent and against the wishes of the petitioner, carried them away to San Francisco, where he resided; that the father deserted and abandoned the children more than three years previous to the time of his taking them from the custody of their grandmother; that he had not provided for their support for more than four years, and that his reputation was bad; and that the petitioner was a fit and proper person to have the custody of them.

An order was accordingly entered that letters of guar-

dianship be issued to the grandmother as prayed for, and from this order the father appeals.

The principal contention of appellant is, that the court had no jurisdiction of the case, because, at the time the petition was filed, the children were not inhabitants or residents of Sonoma County, and hence that the order was void and should be reversed.

The evidence on which the order was based was as follows: The petitioner introduced evidence showing that the mother of the children was her daughter, and had been dead about four years; "that several years prior to the death of their mother, the mother and the children lived with petitioner, and were wholly supported by the petitioner; that after the death of their mother, the children continued to reside with the petitioner and to be supported by her; that the father, Vance, has not provided for the support of the children since the death of the mother; that at various times since the death of the mother, Vance, the father, has expressed and declared to the petitioner that he was willing that she have the care and custody of the children; that at various times since the death of the mother, Vance had expressed and declared his intention of never reclaiming or taking the custody of the children from the petitioner; . . . . that the reputation of J. B. Vance for sobriety, industry, and morality was and is bad, and has been for more than four years last past, and that he spent his earnings and money for liquors, on women, and general dissipation; that up to about one year ago, Vance, the father, resided in Santa Rosa, Sonoma County; that about one year ago he went to San Francisco, and since that time has resided in San Francisco; that after going to San Francisco to reside, he married, and for some time previous to the trial has lived with his wife in San Francisco; that on the twelfth day of October, 1890, Vance came to Santa Rosa, and went to the home of the petitioner, where the children were, and represented to the petitioner that he desired to take the children down town to get some candy, whereupon petitioner consented, and he took the children and

went away with them, as the grandmother understood, to take them down town and get them candy; that Vance then took them to San Francisco without the knowledge and consent of the grandmother; that they were in San Francisco at the time these proceedings were commenced, and up to the trial thereof; that petitioner is able to maintain and care for the children."

The father then offered testimony showing that his residence had been in San Francisco for the year last past, and was at the time he took the children there, and " that his present wife, Mrs. J. B. Vance, had means with which to support and care for the children, and was desirous of caring for and supporting them."

In view of this evidence, we cannot say that the finding that the father had abandoned the children was not justified. He had left them for years to be supported and cared for by their grandmother, and had at various times declared his intention never to reclaim them. And that he recognized the grandmother's right to their custody will be presumed from the fact that he resorted to fraudulent means to get them away from her. If he had considered that he had a right at any time to take them away, presumably he would have asserted his right boldly, and no misrepresentations or deceit would have been used to accomplish his purpose.

The general rule is, that "the residence of the father during his life . . . . is the residence of the unmarried minor child." (Pol. Code, sec. 52, subd. 4.) But this rule does not apply when the child is under the age of fourteen years, and has been abandoned by the father. In such case he forfeits his guardianship of the child, and can no longer claim its custody. (Stats. 1873-74, p. 297.) If, then, these children had been abandoned by their father, as the court below found, their residence was in Sonoma County, and it was not changed by their surreptitious removal to San Francisco. The questions involved in the case were all questions of fact, which the court below was called upon and had a right to determine (*In re Danneker*, 67 Cal. 643), and we see no

good ground for disturbing its conclusions. We advise that the order be affirmed.

FITZGERALD, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.