[L. A. No. 2491.   Department One.—July 18, 1910.]

## In the Matter of the Estate and Guardianship of LUCILLE RICHMOND BEDFORD, a Minor.

GUARDIANSHIP OF MINOR—UNFITNESS OF FATHER—DISCRETION OF LOWER COURT.—In a proceeding for the guardianship of the person of a minor, the determination from the evidence concerning the character of the petitioning father, and other facts bearing on the condition and welfare of the child, as to whether or not he should have the guardianship, is a question largely in the discretion of the court below.   In the present case the evidence is deemed sufficient to support the conclusion of the lower court that the father was not a fit person to have the guardianship of the person of a female child of about six years of age.

ID.—CONTEST BETWEEN FATHER AND AUNT—AUNT APPOINTED GUARDIAN OF PERSON—ADVERSE PROPERTY INTERESTS.—In a contest respecting the guardianship of the person and estate of such minor, between her father and her aunt, in which the court awards the guardianship of the estate to a trust company and appoints the aunt as guardian of her person, the fact that the aunt had property interests that might become adverse to those of the child is not sufficient in itself to warrant this court in reversing the order appointing the aunt the guardian of the person of the minor.   It will be presumed that the minor's property interests will be protected by the guardian of her estate.

ID.—EVIDENCE OF FATHER'S UNFITNESS—DIVORCE RECORD—AGREEMENT FOR ADOPTION OF CHILD.—In such a contest, as bearing on the question of the father's fitness, evidence is admissible of the record of a judgment of divorce between him and the child's mother, on the ground of desertion of her by him, in which the custody of the child was awarded to the mother; also of a statement signed by him and his wife, afterward, consenting to the adoption of the child by its grandmother.

ID.—IMPEACHMENT OF WITNESS—FOUNDATION TO SHOW HOSTILITY.— In order to impeach a witness by proof of declarations and conduct tending to show an unfriendly feeling on his part towards the party against whom he is called, it is necessary to lay a foundation by calling the attention of the witness to the alleged acts and declarations and giving him an opportunity to explain them.

CLVIII Cal.—10

APPEAL from an order of the Superior Court of Los Angeles County appointing a guardian of the person of a minor and from an order refusing a new trial. Curtis D. Wilbur, Judge.

The facts are stated in the opinion of the court.

George P. Adams, McNutt & Hannon, and J. G. McNutt, for Appellant.

Horace S. Wilson, and Constan Jensen, for Respondent.

SHAW, J.—This is an appeal from an order appointing Lucie M. Lambourn guardian of the person of Lucille Richmond Bedford. There is also an appeal from an order denying a motion for a new trial of the issues.

The minor is the daughter of Bedford and his wife, Eileen Mitchell Bedford, now deceased. Lucie M. Lambourn is the aunt of the minor. She was a sister of the mother. Bedford filed a petition asking that he be appointed guardian of the person and estate of the child. Mrs. Lambourn filed a counter petition asking that she be appointed such guardian, alleging that Bedford, the father, was not fit, proper or competent to receive such appointment. She also filed an opposition or answer to the petition of Bedford, again setting up his unfitness for the trust. Bedford filed an answer or opposition to her petition, alleging that she should not be appointed guardian for the reason that she had property interests adverse to those of the minor, and that because of this interest she was not a proper person to be appointed such guardian. The court denied both petitions, so far as the guardianship of the estate of the minor is concerned, and appointed the Los Angeles Trust Company as such guardian. There is no appeal from this part of the order. The only matter in controversy here is the guardianship of the person. The order denies the petition of Bedford and appoints Lucie M. Lambourn guardian of the person of the minor. These parts of the order are presented for review.

Upon the main question no question of law arises. The determination from the evidence concerning the character of a father and other facts bearing on the condition and welfare

of the child, whether or not he should have the guardianship of the person of his child, is a question largely in the discretion of the court below. The minor is a little girl of tender years, born on April 6, 1904. The father is unmarried at the present time. It is not necessary to repeat here the evidence concerning his character and fitness. Suffice it to say that it is sufficient to support the conclusion of the court below that he was not a suitable or fit person to have the guardianship of the person of a female child of that age. The court made findings covering the issues and therein states the facts with perhaps unnecessary detail. We need not discuss the sufficiency of the evidence to prove all of these details. There are clearly enough circumstances sustained by the evidence to justify the general conclusion as to the ultimate fact.

Inasmuch as the guardianship of the estate was awarded to the Los Angeles Trust Company and both parties acquiesce in that appointment, the contention that Lucie M. Lambourn is interested in certain property adversely to the interest of the ward, is not material or at all events not decisive. Doubtless the court below intended to remove any objection of this character by the appointment of a disinterested person, the trust company, as the guardian of the estate. Whatever property interest the child may have that is opposed by the respondent will, it is to be presumed, be properly and effectively protected and preserved by the guardian of the estate whose duty it is and will be to defend and protect her property rights. The hostility in interest is not of a character that would require this court to reverse the decision of the court below with respect to the control of the person of the child. There is nothing to indicate that the interest of the aunt would prevent her from giving the child proper care, nurture, and attention, or to show that she has not kind and friendly feelings for the child.

A large number of rulings upon the admission and rejection of evidence are assigned as error. With regard to nearly all of them, it is sufficient to say that they are either correct or entirely unimportant and harmless and too trivial for discussion. Appellant sought to impeach a witness against him by proof of declarations and conduct tending to show an unfriendly feeling on the part of the witness toward appellant. The witness was not asked concerning these acts or declara-

tions. There was therefore no foundation laid for the introduction of the impeaching testimony of third persons and the ruling excluding it was correct. It is necessary to lay the foundation for such evidence by calling the attention of the main witness to the alleged acts and declarations and giving him an opportunity to explain them, as in the case of inconsistent statements. (*Baker* v. *Joseph,* 16 Cal. 177; *Silvey* v. *Hodgdon,* 48 Cal. 188; *People* v. *Blackwell,* 27 Cal. 68; *Fagan* v. *Lentz,* 156 Cal. 689, [105 Pac. 951].) The court allowed in evidence the record of a judgment of divorce between Bedford and the child's mother, on the ground of desertion of her by him, in which the custody of the child was awarded to the mother; also a statement signed by him and his wife, afterward, consenting to the adoption of the child by its grandmother, under an order to be made by the judge of the superior court of Los Angeles County. These two rulings, the appellant declares to be the most important of the alleged errors against him. The rulings were not erroneous. The documents were admissible as evidence of circumstances bearing on the issue of fitness, the weight of which was for the consideration of the trial court.

The orders appealed from are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.

In denying a hearing in Bank, the court in Bank rendered the following opinion on August 15, 1910:—

THE COURT.—The petition for rehearing is denied.

We concede that there is not sufficient evidence to support the finding of the trial court that the father abandoned his minor child. That finding, however, is not essential to support the order appointing a guardian, and insufficiency of evidence to support it is, therefore, not a sufficient reason for reversal. The finding of abandonment is disapproved.