[L. A. No. 5495. Department One.—November 20, 1918.]

In the Matter of the Estate and Guardianship of PHELPS S. MOORE, a Minor.

GUARDIAN AND WARD—MINOR UNDER FOURTEEN YEARS—PREFERENTIAL RIGHT OF PARENT.—It is the settled law in this state that the father or mother of a minor child under the age of fourteen years has a preferential right to be appointed guardian, and that the court must recognize this right unless it finds the parent seeking appointment incompetent, or unless such parent has knowingly or willfully abandoned the child, or, having the ability so to do, has failed to maintain it.

ID.—TESTAMENTARY APPOINTMENT BY MOTHER INEFFECTUAL.—Where the father of a child under fourteen years of age survives, the mother has no right of testamentary appointment of a guardian for the child, and a provision in her will attempting to appoint one other than the father is ineffectual.

ID.—ABANDONMENT OF CHILD—WHAT CONSTITUTES.—In order to constitute abandonment of a minor child by a parent, there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same.

ID.—INSUFFICIENCY OF EVIDENCE TO SHOW ABANDONMENT.—Where a wife left her husband taking their minor child with her, and, having ample means, supported herself and child without assistance from her husband, and the evidence showed that the wife not only never requested any support for herself or child, but said she would not accept any, and that she would not permit the father to correspond with the child, the court was not authorized to find that the father had abandoned the child, or had forfeited his right to its guardianship.

ID.—WELFARE OF CHILD—RIGHT OF PARENT.—The welfare of a child under fourteen years of age will not prevail, under the law of this state, over the natural and legal right of the parent to its guardianship, and such parent is entitled to guardianship, unless he or she be found incompetent, or has forfeited the right by abandonment or failure to maintain.

APPEAL from an order of the Superior Court of Los Angeles County denying the application of a father for his appointment as guardian of his child and appointing another. Chas. Wellborn, Judge. Reversed.

The facts are stated in the opinion of the court.

George A. Hooper, for Appellant.

Hugh T. Gordon, and Ernest P. Wellman, for Respondent.

SLOSS, J.—Opposing petitions for letters of guardianship of the person and estate of Phelps S. Moore, a minor, were filed by Charles Walter Moore, father of the child, and by Hugh T. Gordon. The petitions were heard together, and the court made its order denying the application of the father, and appointing Mr. Gordon guardian. The father appeals.

In addition to the petitions, there was on file a paper embodying the objections of Hugh T. Gordon to the petition of Charles W. Moore for appointment. This document alleged the unfitness of the father and his abandonment of the child. The court made no finding upon the first issue. It found, in effect, that Charles Walter Moore, the father, had knowingly and willfully failed to contribute to the support of the child, or to communicate with it, although he had the ability to do so. A declaration that he had abandoned the child is embodied in the conclusions of law.

At the time of the hearing, the minor was of the age of seven years. It is settled law in this state that the father or mother of a minor child under the age of fourteen years has a preferential right to be appointed guardian, and that the court must recognize this right unless it finds the parent seeking appointment incompetent, or unless such parent has knowingly or willfully abandoned the child, or, having the ability so to do, has failed to maintain it. (Code Civ. Proc., sec. 1751; Civ. Code, sec. 246, subd. 4; *Guardianship of Mathews*, 169 Cal. 26, [145 Pac. 503]; *In re Mathews*, 174 Cal. 679, [164 Pac. 8]; *In re Forrester*, 162 Cal. 493, [123 Pac. 283]; *In re Salter*, 142 Cal. 412, [76 Pac. 51].) In this case, as we have seen, the court did not find against the father on the issue of his competency, and it is, at the very least, extremely doubtful whether a finding of incompetency could have been sustained on the evidence produced. We are satisfied, further, that the evidence was not such as to support a finding that the father had abandoned the child (assuming that the court did so find), or the finding that he had failed to maintain it.

The appellant and Marion A. Moore, the mother of the child, were married at Los Angeles in 1909. Charles W. Moore, the husband, was a resident of the state of New York, and he and his wife took up their abode in that state, where the child was born the following year. In November, 1911, Mrs. Moore, with her child, left the appellant and came to California. Thereafter she resided in this state. The husband remained in New York, where he was engaged in business, with his father, as a jeweler. He did not, apparently, make any protest against his wife's departure. The wife had means of her own, was able, after the separation, to give the child good care and nurture, and did so. The husband did not contribute toward her support or that of the child. She did not, however, request him to do so. On the contrary, there is evidence that she told the appellant she would accept nothing from him for herself or the child. He did not write letters or send presents to the child, but his testimony, which is uncontradicted, is that his wife would not permit correspondence. In January, 1917, she obtained in the superior court of Los Angeles an interlocutory decree of divorce, whereby the custody of the minor child was awarded to her.

The decree, which was based upon the grounds of desertion and willful neglect, was entered on the defendant's default. Some months thereafter Mrs. Moore died. She left a will by which she undertook to appoint the respondent, Hugh T. Gordon, guardian of the child, but, the father surviving, she had no right of testamentary appointment, and the provision of her will in this regard was ineffectual. (*Matter of Allen,* 162 Cal. 625, [124 Pac. 237].)

The court was not authorized, on this evidence, to find that the father had abandoned the child and thus lost his right to its guardianship. "In order to constitute abandonment there must be an actual desertion, accompanied with an intention to entirely sever, so far as it is possible to do so, the parental relation and throw off all obligations growing out of the same." (*Guardianship of Snowball,* 156 Cal. 240, [104 Pac. 444].) The mere fact that the father permitted the child to remain with the mother is not enough to show such intent. The spouses had separated, and his right to the custody of the child was in no way superior to that of the mother. (Civ. Code, sec. 197.) Indeed, in view of the tender years of the minor, it was entirely proper that the mother should have its custody and care. Nor, under the circumstances, did his failure to contribute amount to a failure to maintain the child. The wife was able and willing to provide for its needs, and the father's acquiescence did not work a forfeiture, under Civil Code, section 246, of his right of guardianship. (*In re Forrester, supra.*)

The court below seems to have proceeded upon the theory that in awarding guardianship, the paramount consideration is the welfare of the child. Our recent decisions, and particularly those in the two appeals in the matter of Mathews, cited above, make it manifest that, under the law of this state, this consideration alone will not prevail over the natural and legal right of the parent. Such parent is entitled to the guardianship, unless he or she be found incompetent, or has forfeited the right by abandonment or failure to maintain. One may readily sympathize with the desire of Mr. Gordon to carry out the trust which the deceased mother had attempted to confide to him, and to promote what he deems to be the best interests of the child. But however commendable his motives, they cannot justify us in sustaining an order

which deprives the father of his natural right to the custody of his child, without a showing of legal ground therefor.

The order is reversed.

Richards, J., *pro tem.*, and Victor E. Shaw, J., *pro tem.*, concurred.