[Civ. No. 15276.   First Dist., Div. Two.   Mar. 27, 1953.]

Guardianship of MELBA LINN BRAZEAL, a Minor. MELBA J. BOWMAN et al., Appellants, v. FRANCES DORLEEN BRAZEAL, Respondent.

Nicholas Alaga for Appellants.

Charles L. Hemmings for Respondent.

DOOLING, J.—Notice of appeal was filed by appellants Melba J. Bowman and Oscar Bowman who have the physical custody of the minor, Melba Linn Brazeal, from an order denying appellants' motion to dismiss for lack of jurisdiction a petition of the minor's mother to be appointed guardian of her person, from the order appointing said mother guardian of the person, and from an order denying appellants' motion to vacate the order appointing guardian. ▉ The order denying the motion to dismiss the petition is not appealable (*Greene* v. *Superior Court,* 37 Cal.2d 307, 310 [231 P.2d 821]) and since the merits of the case can be determined on the appeal from the order appointing guardian the attempted appeal from the order denying the motion to vacate becomes unimportant, although apparently it is also not an appealable order. (Prob. Code, § 1630.)

▉ Respondent has filed no brief nor did her counsel appear for oral argument. Her counsel was given the notice required by rule 17(b), Rules on Appeal, and in reply thereto he informed the clerk of this court by letter that he would neither file a respondent's brief nor be present to argue the case orally before the court. Accordingly, pursuant to rule 17(b), this court will accept as true the statement of facts in the appellants' opening brief.

According to this statement, shortly after the birth of the child on April 1, 1945, "the control, custody and possession of said minor was surrendered" to appellants, residents of San Francisco. "From April 12, 1945 until January 1951, said infant remained in the control, custody and possession of the Bowmans in San Francisco and Frances Dorleen

Brazeal (respondent mother) urged the Bowmans to legally adopt the child. The Bowmans took the child into their home on the express understanding with Frances Dorleen Brazeal that they should raise the child as their own child and that the child should not be informed as to her true parents. Further, Wayne Brazeal, the child's father, was informed of this agreement and the status of the child . . . and embraced and ratified said agreement. From April 12, 1945'' until the date of the hearing ''the child resided in the City and County of San Francisco. During that period the Bowmans assumed the sole support of the child.''

It is appellants' position that these facts show an abandonment of the minor by her parents and the minor's residence in San Francisco and that the Superior Court of Contra Costa County had, therefore, no jurisdiction to appoint a guardian.

■ Where the parents voluntarily with the intention of absolutely relinquishing all rights in and duties and obligations toward the child give him to the custody of others an abandonment is accomplished. (*In re Vance,* 92 Cal. 195 [28 P. 229]; *In re Hawkins,* 183 Cal. 568 [192 P. 30].)

■ The same cases are authority for the rule that while ordinarily the residence of the child follows that of his father where the child has been abandoned this is not true.

■ Under these circumstances San Francisco was the place of the minor's residence and since she neither resided nor was temporarily domiciled in Contra Costa County the court of that county had no jurisdiction of the guardianship proceeding. (Prob. Code, § 1440.)

The order appointing guardian is reversed. The appeals from the other orders are dismissed.

Nourse, P. J., and Goodell, J., concurred.