[L. A. No. 4127.   Department One.—October 18, 1915.]

In the Matter of the Guardianship of the Person and Estate of ELIZABETH MEIKLEJOHN, a Minor. MATTHEW C. MEIKLEJOHN (Former Guardian), Appellant, v. MARTHA C. MEIKLEJOHN and LOS ANGELES TRUST AND SAVINGS BANK (New Guardians), Respondents.

GUARDIAN AND WARD—APPOINTMENT OF MINOR'S NOMINEE—DISPLACE-MENT OF PARENT.—A minor over the age of fourteen years has the absolute right to replace the guardian appointed when he was under that age with one of his own selection, and it is immaterial that the displaced guardian is a parent of the minor. The order appointing the nominated guardian constitutes an approval of the minor's selection, and makes the order valid under the statute unless it appears that the court abused its discretion in such approval. *In re Kirkman Estate*, 168 Cal. 688, approved.

APPEAL from an order of the Superior Court of Los Angeles County revoking the letters of guardianship of the person and estate of a minor over the age of fourteen years, and, at the request of said minor, appointing the respondents as the guardians respectively of her person and of her estate. James C. Rives, Judge.

The facts are stated in the opinion of the court.

Isidore B. Dockweiler, for Appellant.

George L. Saunders, for Respondents.

THE COURT.—Shaw, J. On the authority of the case of *In re Kirkman Estate*, 168 Cal. 688, [144 Pac. 745], the order appealed from will be affirmed.

The only difference between that case and this is that in that case the guardian removed was not a parent of the minor while in this case the guardian displaced was her father. This relationship, however, is of no consequence, since the statute gives the minor the authority to select a new guardian, and does not make such power dependent upon relationship. The order of the court appointing the nominated guardian constitutes an approval of her selection, and

makes the order valid under the statute unless it is made to appear that the court below abused its discretion in such approval. No attempt is made to show this.

The order is affirmed.

Sloss, J., and Lawlor, J., concurred.