[Civ. No. 18267.   First Dist., Div. Two.   Jan. 27, 1959.]

Guardianship of the Person and Estate of EVELYN KOS-
TORS, a Minor. EARL GILBERT et al., Respondents, v.
ALICE KOSTORS, Appellant.

Rodney G. Commons for Appellant.

No appearance for Respondents.

KAUFMAN, P. J.—This is an appeal by Alice Kostors, the
mother of Evelyn Kostors, from an order appointing respond-
ents, Earl and Elsie Gilbert, as guardians of the person and
estate of Evelyn Kostors, a minor.

Respondents, who are not related in any way to this 15-year-old minor, were appointed guardians of her person and estate over the objections of her mother and her maternal grandparents. Her father is not living, and no relative supported the petition of respondents. The minor was, throughout the pendency of this proceeding, a ward of the juvenile court. Although appellant's brief, to the statement of facts in which we may look (Rules on Appeal, rule 17(b)), because no respondents' brief was filed, states that the petition for letters was filed at the request of the probation officer, there is no showing or suggestion of notice to or consent by the juvenile court. Neither petition nor order makes any reference to the fitness or lack of fitness of the mother. She appeals from the order. Respondents have filed no brief.

Although our Supreme Court has recognized a "modern trend" to "regard as of primary importance the welfare of the minor himself" (*In re Mathews*, 174 Cal. 679, 683 [164 P. 8]), and despite some strong dissents, the majority of that court holds to the doctrine of parental right in guardianship and custody matters (for full review of the decisions, see *Guardianship of Smith*, 147 Cal.App.2d 686 [306 P.2d 86]).

█ We are therefore bound by the rule that "The parents of a legitimate child have preference over a nonparent and the custody shall not be given to a nonparent unless the parent is found unfit." (*Guardianship of Smith*, 42 Cal.2d 91, 92 [265 P.2d 888, 37 A.L.R.2d 867].) Here the finding of unfitness is wholly lacking.

█ The fact that the child is a ward of the juvenile court does not of itself imply either that custody has been removed from the mother or that the mother is unfit, since the juvenile court "may define the extent of control permitted" to the parent and "no ward of the Juvenile Court shall be taken from the custody of his parent" without the latter's consent, unless specified facts supporting such removal are found. (Welf. & Inst. Code, § 739.) There is nothing in this record to suggest that any such finding was ever made by the juvenile court. █ The fact that the minor is over 14 years of age, and has nominated a guardian, does not dispense with the requirement that guardianship be shown to be "necessary or convenient." (*Guardianship of Kentera*, 41 Cal.2d 639 [262 P.2d 317].) It is said in Kentera (41 Cal.2d p. 643) : "The statutory provisions were not intended to upset the normal relationship of parent and child or to disrupt normal family discipline by allowing the 14-year-old minor

to withdraw from the family circle at his whim." When the parent is not found unfit a finding of necessity and convenience for the appointment of a stranger as guardian of the person would have this result.

We have left open the question whether, in view of the complete custodial control given by the statute to a juvenile court over its wards, the appointment of a guardian of the person of such a ward can ever be necessary or convenient unless the juvenile court first terminates its wardship. (Welf. & Inst. Code, § 750.)

Appellant's statement that respondents have removed the child from this state, which statement is not denied by reason of respondents' failure to file a brief, points up the fact that this proceeding could achieve most of the results of an adoption without any consent by the only living parent and without any order depriving her of custody and control.

Order reversed.

Dooling, J., and Draper, J., concurred.