[Civ. No. 18164.   First Dist., Div. Two.   Feb. 5, 1959.]

Guardianship of the Person and Estate of MELVIN RONNIE FURR, a Minor.   THEO MELVIN FURR, Appellant, v. CORDIE D. HOLT, as Guardian, etc., Respondent.

John T. Hourigan and Robert M. Maslow for Appellant.

Malavos, Mager & Chusak and Alfred P. Chusak for Respondent.

DOOLING, J.—Appellant appeals from an order denying his petition to remove respondent, Cordie D. Holt, from her position as guardian of the person and estate of Melvin Ronnie Furr, a minor.

Appellant is the father of said minor, a boy born January 25, 1947, and his mother is dead. Respondent is the minor's maternal grandmother. The minor lived with his grandfather and grandmother from shortly after his birth. The grandfather died in 1953 and since then the minor has continued to live with the grandmother, respondent herein. After the grandfather's death the respondent was appointed guardian of the minor and qualified as such guardian on June 23, 1953. On January 13, 1955, appellant petitioned the court to remove respondent as guardian and that petition was denied on March 4, 1955. No appeal was taken from this order. On July 8, 1957, appellant filed another petition seeking the removal of such guardian and from the order denying that petition this appeal is taken.

The father has a superior right to custody of his child over the grandmother if he is a fit and proper person to have such custody. (*Guardianship of Smith*, 42 Cal.2d 91, 93 [265 P.2d 888, 37 A.L.R.2d 867].) However where a guardian has been appointed and the parent of the child seeks the removal of such guardian he must satisfy the court that "it is no longer necessary that the ward should be under guardianship." (Prob. Code, § 1580, subd. (8).) This puts in issue the parent's fitness to have custody of his child and the burden is on him to establish his fitness in order to prove that the guardianship is no longer necessary. (*Guardianship of Brock*, 154 Cal.App. 2d 431, 433-434 [316 P.2d 3].)

In this case the record shows that in 1950 appellant was convicted of burglary and served 18 months in San Quentin. He has also been twice convicted of battery, once of being drunk in a public place and once of disturbing the peace. He testified that all of his arrests were due to his drinking and that he has not drunk alcoholic liquors for two years. He is now married and has a home.

Appellant cannot go behind the order of 1955 denying his petition for removal of the guardian which he allowed to

become final. That is a binding adjudication that at that time the guardianship was necessary. He must show that since that date he has so rehabilitated himself that he is now a fit and proper person to have the custody of his child. (*Guardianship of Brock, supra,* 154 Cal.App.2d, pp. 433-434.) In this connection while appellant testified that he is now married and living with his present wife in a suitable home and has not been drinking for two years, it was also proved that after the denial of his previous petition appellant was convicted of disturbing the peace and that although he was gainfully employed and had been requested to contribute to the support of his son he had made no substantial contributions to his support in the period of over two years following the denial of his earlier petition. The court could reasonably infer a lack of the normal parental concern from this continued failure to make any reasonable provision for his son's support, particularly in view of the fact that he and his grandmother have been dependent upon social security payments for their regular subsistence.

The court expressly found that appellant is not a fit and proper person to have his son's custody and we are satisfied that this finding is supported by the evidence.

No claim is made that the provision included in the present order for payments by appellant of $30 per month for his son's support is not reasonable.

The order is affirmed.

Kaufman, P. J., and Draper, J., concurred.