[Civ. No. 18280. First Dist., Div. Two. Feb. 18, 1959.]

Guardianship of the Estate and Person of MANUEL JOSEPH JOAQUIN, a Minor. CARL JOAQUIN, Appellant, v. FATHER MANUEL VIEIRA ALVERNAZ, Respondent.

Charles W. Jennings for Appellant.

Haley, Schenone, Tucker & Birchfield for Respondent.

DOOLING, J.—Appellant, father of the minor, a boy 7 years of age, appeals from an order appointing respondent guardian of the person and estate of said minor. Appellant and the minor's mother were divorced and the custody of the minor had been given to the mother. The mother died in 1957 leaving her entire estate of the value of approximately $20,000 to the minor. By her will she nominated the respondent to be the guardian of her minor son.

The matter was submitted to the court on the oral testimony of appellant and respondent and an extensive report of the probation officer. This report concluded that no substantial unfitness of the father was determined. The probate court made no finding of the father's unfitness and although respondent argues that findings must be presumed to have been waived or are not required (arguments which we need not here consider) he makes no argument that the evidence would support a finding that the father is unfit and we find no substantial evidence of unfitness in the record.

The father frankly stated that if granted the guardianship he would place the boy to live with an adult brother of the minor and his wife because he has no houskeeper and could not look out for the boy himself during his working hours. The probation officer's report includes a finding that the care of the minor in the home of this adult brother and his wife would be adequate. Respondent is a Roman Catholic parish priest and he as frankly stated that he could not take the boy to live with him but would leave him in the Catholic boarding school where he was at the time of the hearing or place him in some similar school if made his guardian.

Because of differences in the statutory law the guardianship of the person and estate must be separately considered.

Probate Code, sections 1402 and 1403, govern:

"1402. A parent may appoint a guardian by will . . . for the property of any child of such parent . . . which such child may take from such parent by will or succession.

"1403. Either parent of a legitimate child . . . may appoint a guardian of the person and estate . . . of such child, by will . . . to take effect upon the death of the parent appointing, with the written consent of the other parent, or if the other parent is dead or incapable of consent. . . ."

Section 1402 gives the unqualified right to a parent to appoint a guardian by will for the property which such child may take under that parent's will. Unlike section 1403 it requires no consent of the other parent for such appointment. (24 Cal.Jur.2d, Guardian and Ward, § 53, p. 245.) For the

estate left to the minor by his mother the appointment of respondent as guardian of such estate is therefore proper.

Under section 1403 however one parent has no power to nominate by will a general guardian without the written consent of the other (*Estate of Moore,* 179 Cal. 302 [176 P. 461]; *Matter of Allen,* 162 Cal. 625 [124 P. 237]; *In re Arkle,* 93 Cal.App. 404 [269 P. 689]) and the written consent of the appellant was not given in this case.

Under our decisions a parent is entitled to custody over a stranger unless he is unfit. (*Guardianship of Smith,* 42 Cal.2d 91, 93 [265 P.2d 888, 37 A.L.R.2d 867].)

The only argument which respondent makes on this point is the claim, quoting an isolated statement from *Guardianship of Willis,* 123 Cal.App.2d 446 [266 P.2d 944], and which was not necessary to that decision, that in order to assert his prior right to custody the father must be in a position to have the minor reside with him. It may be remarked that in this respect the guardian actually appointed is equally in no position to have the minor reside with him, but the decisional law is in any event to the contrary. (*Estate of Akers,* 184 Cal. 514, 523 [194 P. 706]; *Guardianship of Mathews,* 169 Cal. 26 [145 P. 503].) Both cases hold that a fit parent is not to be deprived of his child's custody because he may be unable to furnish the child a home with him. He still has the right to custody ''and the related right of selecting a fit and proper place where he should be kept and cared for.'' (*Estate of Akers, supra,* 184 Cal. p. 523; *Guardianship of Mathews, supra,* 169 Cal. p. 27.)

It is conceded that the minor has a small estate which did not come through the mother's will. Appellant, if fit, is entitled to be guardian of his son's estate except for that part coming by will from the mother. (*Estate of Tetsubumi Yano,* 188 Cal. 645, 648 [206 P. 995].)

The order appealed from is reversed with directions to the probate court: 1. to appoint respondent special guardian of the estate of the minor coming to him from his mother's estate; 2. to take additional evidence on the question of appellant's fitness if respondent desires to produce any and to appoint appellant guardian of the minor's person and of his estate (other than that coming from the estate of his mother) unless evidence is produced satisfying the court of appellant's unfitness to be such guardian.

Kaufman, P. J., and Draper, J., concurred.