413 P.2d 48 (1966)
In the Matter of the ESTATE AND GUARDIANSHIP OF John Frederick SOWERWINE, a Minor.
Elbert O. SOWERWINE, Jr., Appellant (Objector below),
v.
FIRST STATE BANK, Cody, Wyoming, Appellee (Guardian below) (two cases).
In the Matter of the ESTATE AND GUARDIANSHIP of Elbert O. SOWERWINE, III, a Minor.
Nos. 3467, 3468
Supreme Court of Wyoming.
April 15, 1966.
*49 Joseph E. Darrah, of Dixon & Darrah, Powell, for appellant.
J.D. Fitzstephens, of Goppert & Fitzstephens, Cody, for appellee.
Before PARKER, C.J., and HARNSBERGER, GRAY and McINTYRE, JJ.
Mr. Justice McINTYRE delivered the opinion of the court.
The appeal in this case questions an order of the district court in Park County ratifying and confirming letters of guardianship issued to the First State Bank of Cody, Wyoming, in the matter of the estates of John Frederick Sowerwine and Elbert O. Sowerwine, III, both minors.
Pursuant to § 3-2, W.S. 1957, each of the minors filed a petition in the Park County district court on January 28, 1965, praying that the First State Bank of Cody be appointed as guardian of his estate. Each minor claimed in his petition to be a resident of Park County, Wyoming, and to own property necessitating the appointment of a guardian. Each petition alleged that petitioner had no guardian legally appointed by will; and that the father of petitioner was residing in Nicaragua. John alleged he was in the care of his mother, and Elbert, III, alleged he was married and no person had his care.
At the time the petitions were filed, John was over 17 years of age and Elbert, III, was over 19. Attached to John's petition was a consent to the appointment of First State Bank, signed by his mother and by Elbert, III, as the only relatives residing in Park County, Wyoming, Likewise, on the petition of Elbert, III, his wife, his mother, and brother John consented to such appointment.
An order was issued by the court, in each case, for the appointment of the bank as guardian and letters were issued accordingly. *50 Thereafter, the father of the two minors, Elbert O. Sowerwine, Jr., appeared by his attorney and moved the court to enter an order revoking the letters of guardianship.
The motion of the father was based on a claim that, when the parents of the boys were divorced, a settlement agreement granted him their care and custody; that this settlement agreement was approved by the divorcing court and he was given such care and custody; that notice of hearing on the petitions of the minors was not served on the father; and that the court did not have jurisdiction to enter the order for appointment of guardian in either case.
Movent admitted in his motion he was residing in Nicaragua, and he made no denial of the allegations and evidence showing both boys had property in Park County. Moreover, the evidence was sufficient for the court to find such property necessitated the appointment of a resident guardian.
On appeal to us the father claims: (1) inasmuch as he had care and custody of the boys by reason of a divorce decree, no other guardian for their estates could be appointed; and (2) inasmuch as he was not given notice of the appointment proceedings, the district court of Park County never had jurisdiction to appoint a guardian for the estates of the boys.

Care and Custody
Appellant contends the minors here involved continued as wards of the divorce court, which was the district court in Sublette County, Wyoming; and that no other court could interfere with its jurisdiction. The cases cited, however, in support of this contention are authority only for the proposition that a divorcing court continues to have exclusive jurisdiction for the welfare, care, and custody of minor children. None of the cases hold that another court is powerless to appoint a guardian for the estate of a minor whose care and custody has been awarded by a divorce court.
In any event, regardless of what limitations there may be for the appointment of guardians in other states, we have no such limitation in Wyoming. Our statutes make a distinction between a guardian of the estate of a minor child and the guardian of the child's person.
Section 3-6, W.S. 1957, provides that the "estate" of every minor child shall be managed by a legally appointed guardian of such estate, under the provisions of the chapter relating to guardians and wards. The next paragraph of the section makes a married woman the joint guardian of the "person" of her children with her husband.
In the event of the inability of the parents to exercise such joint custody, a judge, or court having jurisdiction, is to designate one or the other to perform such trust. Thus, when the care and custody of a minor is awarded to one parent in a divorce action, it means that parent is made the sole guardian of the "person" of the child.
The same result is indicated in other sections of the chapter pertaining to guardians and wards. For example, § 3-8, W.S. 1957, specifies the guardianship of the "person" of a minor shall continue until the minor attains majority or is married, while the guardianship over the "estate" of a minor ward shall continue until the ward attains majority. This means the custody of the father over Elbert, III, terminated when the minor married.
Also, even if we considered the father to be a duly appointed guardian of the estates of his boys under the divorce decree, they had an absolute right, after attaining the age of 14 years, to appoint their own guardian, subject to the approval of the court. This is provided for in §§ 3-2 and 3-5, W.S. 1957.
It has been held, under similar statutes, that this right is an absolute right; that it applies both to a guardian of the minor's person and a guardian of his estate; and that it is immaterial that the previous guardian was the minor's father. In re Kirkman's Estate, 168 Cal. 688, 144 P. 745; In re Helm's Estate, Mo. App., 136 S.W.2d *51 416, 418-419; Meiklejohn v. Meiklejohn, 171 Cal. 247, 152 P. 734, 735.
Counsel for appellant makes argument to the effect that even if our law does not recognize the exclusive jurisdiction of the divorce court over the estates of the boys, the law of Nicaragua makes a natural guardian a guardian of any property owned by his minor child; and that we should follow the law of the father's domicile under the principles of comity and international law.
We have searched the record herein diligently and fail to find any evidence as to what the law in Nicaragua is with respect to guardianships. Our Uniform Judicial Notice of Foreign Law Act, §§ 1-178 to 1-185, W.S. 1957, seems to make it clear we do not take judicial notice of the law of Nicaragua. In fact, § 1-184 states specifically that the law of such a jurisdiction shall be an issue for the court.
Therefore, without attempting to say whether the law of Nicaragua would or would not have application in a case such as the one before us, it is sufficient for us to say appellant has failed to prove what such law is.
Section 3-2 of our statutes, on the other hand, provides that the district court of each county, or the judge thereof, when it appears necessary, may appoint guardians for the estates of minors who have no legally appointed guardians, and "who reside or have estates within the county." In the case of minors over 14 years of age, this may be done on the petition of the minor. With the boys actually living in Park County and having estates therein, the district court of Park County qualified for jurisdiction to appoint a guardian under this section.

Notice to Father
As far as § 3-2 is concerned, it provides for notice, in connection with an application for guardian, only to any person having care of the minor and to relatives residing within the county. The father failed to prove that he qualified as either. The court nevertheless, after a consideration of the father's motion, found notice should have been given to him.
As we view the matter, we are not called upon to say whether the district court was correct in this finding, because any possible defect in the proceedings caused by an absence of notice to the father was cured by his voluntary appearance and the subsequent proceedings of the court.
Upon a hearing in connection with the father's motion, the court entered an order on May 21, 1965, suspending the letters of guardianship in both cases and ordering the father to appear on June 18, 1965, and show cause if any he had why the letters should not be reinstated and continued in full force and effect.
Following a full and complete hearing on the order to show cause, at which hearing the father was represented by counsel and testimony was taken, the court entered its order ratifying and confirming the letters of guardianship previously issued to First State Bank of Cody, and declared the bank to be the legally appointed, qualified, and acting guardian of both estates. It is this action which appellant now challenges in our court.
We find nothing in § 3-2 or succeeding sections of our statutes which demands consideration of the petition for appointment of guardian in a single particular stage. As long as the requirements of fairness and due process were ultimately fulfilled by the district court, without violating any statutory restriction, we see no reason for not approving the proceedings. Appellant shows us no reason to do otherwise.
Rule 3(b), W.R.C.P., specifies that the voluntary appearance by a defendant shall be the same as personal service on the date when such appearance is made. Although the father has styled himself an "objector," Rule 2(b) nevertheless makes him the "defendant." It states the party complaining shall be known as the plaintiff and the "adverse party" as the defendant. In view of the father's objections to the petitions *52 filed, there can be no doubt he was an adverse party and a defendant.
Having already pointed out that the district court had jurisdiction of the proceedings here involved, by reason of the minors and their properties being in Park County, Wyoming, and being of the opinion that the father's voluntary appearance and participation by counsel in two hearings fulfilled the requirement, if any, for notice to the father, we cannot agree there was an absence of jurisdiction  caused by a lack of notice  for the court to enter its order ratifying and confirming the original letters of guardianship.

The Evidence
In addition to the matters we have discussed, appellant advances the theory that a fit parent is entitled to be appointed guardian in preference to any other person; and for this reason the evidence as a matter of law fails to justify the appointment made In re Joaquin's Guardianship, 168 Cal. App.2d 99, 335 P.2d 507, 508, is cited in support of this contention.
The argument fails to take into consideration the fact that appellant is admittedly domiciled in Nicaragua, and we have already said the evidence was sufficient to establish the need for a resident guardian. Moreover, as we have also pointed out, our statutes give an absolute right for minors over 14 years of age to appoint their own guardians, with the approval of the court, and this right is superior to any preference a parent might otherwise have.
The district court of Park County had jurisdiction over the minors here involved and over their estates, and there was no denial of judicial process to the father. The order of ratification should be affirmed.
Affirmed.