Filed 5/23/22  Tomi B. v. Andre V. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| TOMI B., Plaintiff and Respondent, v. ANDRE V., Defendant and Appellant. | D079049 (Super. Ct. No. 21FDV01678C) |

APPEAL from an order of the Superior Court of San Diego County, Daniel S. Belsky, Judge.  Affirmed.

Andre V., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.


Andre V. appeals a domestic violence restraining order (DVRO) that Tomi B. obtained against him.  Andre claims there was no proof of domestic violence and Tomi sought the DVRO in retaliation for his moving out of their home.  Because Andre has not provided an adequate record or a cogent legal argument for reversal, we affirm.

## BACKGROUND

While Andre and Tomi were cohabiting, they got into an argument and she locked him out of the home. Andre entered through a kitchen window and kicked a hole in Tomi's bedroom door. When Tomi opened the door, she and Andre continued to argue, and he "push[ed] [her] around" as she struggled to get him out of the home for several hours until he finally left. After this incident, the couple stopped living together but continued to work for the same employer. Andre contacted Tomi multiple times each day about their relationship even though she did not want the contact.

Tomi requested the family court grant a DVRO requiring Andre "to leave [her] alone" and preventing "him [from] coming to [her] home again." The court granted a temporary restraining order requiring Andre to stay 100 yards away from Tomi and prohibiting him from contacting or harassing her, and set a hearing on a more permanent order. The parties appeared at the hearing and testified. The court found Tomi more credible than Andre; found she had shown by a preponderance of the evidence that he committed domestic violence against her; ordered him to attend a 52-week batterer's program; and issued a one-year DVRO requiring him to stay 100 yards away from her except when they were at work together and prohibiting him from contacting or harassing her.

## DISCUSSION

Andre claims the family court "erred in finding [him] guilty of domestic [violence] and harassment claims as there is lack of evidence and no statements or reports from witnesses." He alleges his "wrongful entry" or "trespass" into Tomi's home was "justified"; "there was no direct domestic violence"; and her "harassment claims were used in a black mailing [*sic*]

2

strategy after [he] chose to remove [him]self from [the] household." We are not persuaded.

Andre has procedurally defaulted on his claim of error. His brief contains a short statement of facts with no citations to the record where evidentiary support for any of the facts can be found. (See Cal. Rules of Court, rule 8.204(a)(1)(C).) The argument section of the brief is less than half a page long and includes no citations to legal authorities supporting the contentions made. (See *id.*, rule 8.204(a)(1)(B).) "[A] brief must contain ' "meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error" ' and contain adequate record citations, or else we will deem all points 'to be forfeited as unsupported by "adequate factual or legal analysis." ' " (*Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943.) This forfeiture rule applies here.

Nevertheless, although we ordinarily do not independently search the record for error (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522; *Guardianship of Turk* (1961) 194 Cal.App.2d 736, 739), we have examined the record in this case to determine whether it supports the DVRO. Reviewing the family court's ultimate decision to grant Tomi's DVRO request for abuse of discretion and its underlying factual findings for substantial evidence (*In re Marriage of Davila & Mejia* (2018) 29 Cal.App.5th 220, 226; *In re Marriage of G.* (2017) 11 Cal.App.5th 773, 780), we find no reversible error.

In her DVRO request, Tomi described under penalty of perjury the incident at her home during which Andre kicked a hole in her bedroom door and "push[ed] [her] around." She also stated he later contacted her multiple times a day even though she did not want him to. Such conduct by one cohabitant against another constitutes "domestic violence" (Fam. Code,

§§ 6203, subd. (a)(4), 6211, subd. (b), 6320, subd. (a)), against which a court may issue a restraining order (*id.*, §§ 6301, subd. (a), 6340, subd. (a)(1); *Nevarez v. Tonna* (2014) 227 Cal.App.4th 774, 784 [DVRO properly issued against defendant who grabbed and pushed plaintiff and contacted plaintiff after being told to stop]). Andre neither submitted a declaration in opposition to the DVRO request nor provided us a transcript of the hearing on the request even though the minutes state a court reporter was present. We presume Tomi testified at the hearing consistently with her statements in the request, because, without a contrary record, "if any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." (*Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455; accord, *Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Also, as stated in the family court's minutes, Andre "never denied being physical" and the court found Tomi more credible than Andre. Andre "seems to want this court to reevaluate his credibility and reweigh the evidence presented below, but we can do neither." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 188.) On the record presented, Andre has not shown the court's decision to grant Tomi's DVRO request exceeded the bounds of reason, as is required for him to establish an abuse of discretion. (*In re Marriage of G.*, *supra*, 11 Cal.App.5th at p. 780.)

At oral argument, Andre claimed circumstances had so changed that the DVRO is no longer needed, and he offered the court several documents in support of the claim. We declined the offer. "It is an elementary rule of appellate procedure that, when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered." (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813.) Although appellate courts have the

4

power to take new evidence (Code Civ. Proc., § 909), the power "is to be exercised sparingly and it is not a substitute for other authorized procedures." (*In re Carrie M.* (2001) 90 Cal.App.4th 530, 536). If circumstances have changed as Andre claimed, he may bring that to the attention of the family court by motion for dissolution of the DVRO. (Fam. Code, § 6345, subd. (a); Code Civ. Proc., § 533; *Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1503-1504.)

## DISPOSITION

The order is affirmed.

IRION, J.

WE CONCUR:

AARON, Acting P. J.

DATO, J.

5