Filed 6/20/23  Chan v. Hernandez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| GARRY CHAN, | D080067 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2021-00052374-CU-PT-EC) |
| LUIS JAVIER HERNANDEZ et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Mark T. Cumba, Judge.  Affirmed.

Garry Chan, in pro. per., for Plaintiff and Appellant.

Luis Javier Hernandez and Ingrid Gallegos, in pro. per., for Defendants and Respondents.


Garry Chan appeals the order denying his request for an elder abuse restraining order against Luis Javier Hernandez and Ingrid Gallegos.  Chan contends the trial court erred by denying his claim for reimbursement of the costs to repair property damage Hernandez and Gallegos allegedly caused and by refusing to issue a restraining order based on an incident in which

their dog jumped on him. Because Chan has not provided an adequate record or a cogent argument for reversal, we affirm.

BACKGROUND

Chan, Hernandez, and Gallegos were neighbors. Hernandez and Gallegos opened their door one day and unleashed their dog, which jumped on Chan. Chan "crouched down," and the dog "got scared" and "moved back." Chan was 71 or 72 years old at the time.

Approximately three months after the dog-jumping incident, Chan filed a Judicial Council form request for a restraining order against Hernandez and Gallegos under the Elder Abuse and Dependent Adult Civil Protection Act (the Act; Welf. & Inst. Code, § 15600 et seq.). Chan described the incident with the dog as "harassment," and as prior incidents of harassment he alleged Hernandez and Gallegos damaged his car, house, and fence, and tampered with his wife's car to cause it to leak oil. Chan alleged he suffered "[s]ubstantial emotional distress" and "fear[ed]" for the lives of himself and his wife and son. He sought orders prohibiting Hernandez and Gallegos from harassing or contacting him, his wife, or his son, and requiring them to stay away from him and his wife and son. Chan also requested a temporary restraining order until the matter could be heard. The trial court denied the request for a temporary restraining order and set the matter for hearing.

At the hearing, no court reporter was present. Chan, Hernandez, and Gallegos testified. Chan offered repair bills, pictures, and videos, which the trial court "considered."[1] He requested reimbursement for property damage,

---

[1] The pictures show damage to two wooden gates, a wooden post, and the front bumper of a blue Toyota. The videos show a driveway, a red car backing up and sideswiping the blue Toyota in the driveway, and a gold Honda backing up in the driveway and colliding with a building. Chan moved to augment the record on appeal to include the pictures and videos, as

2

which the court denied as not at issue in a proceeding for an elder abuse restraining order. According to the modified settled statement the trial court prepared, the court "determined [Chan] did not show by [a] preponderance of the evidence that he was the victim of a past act or acts of abuse. More specifically, the [c]ourt concluded there was no evidence of physical abuse, no evidence of neglect, no evidence of financial abuse, no evidence of abandonment or isolation, no evidence of abduction, and no evidence of treatment resulting in physical harm or pain. In addition, [the] [c]ourt concluded there was no evidence of treatment such as intimidation, threats, harassment, or deceptive acts or false or misleading statements made with a malicious intent that resulted in mental suffering." The trial court therefore denied with prejudice Chan's request for a restraining order.

## DISCUSSION

Chan challenges the trial court's denial of his request for reimbursement from Hernandez and Gallegos of the costs to repair the damage they allegedly did to his car and house and of his request for a restraining order based on the dog-jumping incident. Chan contends "[t]he court never denied [the] dog jumped to [him]" and "never denied [Hernandez and Gallegos] need to respond to [his] total loss of $4,827.25" for the damage they allegedly did to his property. Hernandez and Gallegos contend all of Chan's allegations are false and the trial court correctly denied his requests. As we shall explain, Chan has not met his burden on appeal to establish reversible error.

Chan has procedurally defaulted on his appeal. His opening and reply briefs are severely defective in form. Neither contains the required table of

---

well as the repair bills. We grant the motion. (Cal. Rules of Court, rule 8.155(a)(1)(A).)

3

contents, table of authorities, or certificate of word count. (Cal. Rules of Court, rule 8.204(a)(1)(A), (c)(1).) There are no headings or subheadings for the points Chan raises. (*Id.*, rule 8.204(a)(1)(B).) The font is smaller than the permissible minimum of 13-point. (*Id.*, rule 8.204(b)(4).) The lines of text are numbered and are not at least one-and-a-half spaced. (*Id.*, rule 8.204(b)(5).) "Although [Chan] is representing [him]self in this appeal [he] is not entitled to special treatment and is required to follow the rules." (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 523.) This court notified Chan of his noncompliance with the formatting rules when it refused to accept the brief he initially presented for filing. His presentation of a second noncompliant brief would justify dismissal of the appeal. (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1118.)

There are also more substantial defects in Chan's briefs. His opening brief contains a short statement of the case that includes no citations to the record where support for the factual assertions may be found. (Cal. Rules of Court, rule 8.204(a)(1)(C), (2)(C).) The argument section of the opening brief is five lines long, cites no legal authorities, and contains nothing resembling a legal argument. (*Id.*, rule 8.204(a)(1)(B).) "[A] brief must contain ' "meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error" ' and contain adequate record citations, or else we will deem all points 'to be forfeited as unsupported by "adequate factual or legal analysis." ' " (*Fernandes v. Singh* (2017) 16 Cal.App.5th 932, 942-943.) We need not develop legal arguments for an appellant and "may treat a point that is not supported by cogent legal argument as forfeited." (*County of Sacramento v. Rawat* (2021) 65 Cal.App.5th 858, 861.) This forfeiture rule applies here, and we could affirm the challenged order on that basis alone.

4

Nevertheless, although we have no obligation independently to search the record for error (*Graylee v. Castro* (2020) 52 Cal.App.5th 1107, 1118; *Guardianship of Turk* (1961) 194 Cal.App.2d 736, 739), we have studied the record to determine whether it supports the trial court's order. Indulging all intendments and presumptions to support rather than to defeat the order (*Walling v. Kimball* (1941) 17 Cal.2d 364, 373; *Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116, 125), and reviewing the court's ultimate decision to deny Chan's request for a restraining order for abuse of discretion and any underlying factual findings for substantial evidence (*White v. Wear* (2022) 76 Cal.App.5th 24, 35 (*White*); *Gdowski v. Gdowski* (2009) 175 Cal.App.4th 128, 135), we find no error.

The Act authorizes an "elder" who has suffered "abuse" to seek a "protective order." (Welf. & Inst. Code, § 15657.03, subd. (a)(1).) An "elder" is a California resident who is at least 65 years old. (*Id.*, § 15610.27.) As relevant to this case, " '[a]buse of an elder' " means "[p]hysical abuse, neglect, abandonment, isolation, abduction, or other treatment with resulting physical harm or pain or mental suffering." (*Id.*, §§ 15610.07, subd. (a), 15657.03, subd. (b)(1).) " 'Mental suffering' means fear, agitation, confusion, severe depression, or other forms of serious emotional distress that is brought about by forms of intimidating behavior, threats, [or] harassment . . . ." (*Id.*, § 15610.53.) A "protective order" may restrain a respondent from "abusing, intimidating, molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, harassing, telephoning, . . . destroying personal property, contacting, either directly or indirectly, by mail or otherwise, or coming within a specified distance of, or disturbing the peace of, the petitioner . . . ." (*Id.*, § 15657.03, subd. (b)(5)(A).) A trial court may issue such an order to prevent recurrence of abuse if the petitioner establishes by a

preponderance of the evidence a past act of abuse by the respondent. (*Id.*, § 15657.03, subd. (c); *White, supra*, 76 Cal.App.5th at p. 35; *Bookout v. Nielsen* (2007) 155 Cal.App.4th 1131, 1138 (*Bookout*).)

Chan qualifies as an "elder" under the Act because he was older than 65 years and lived in El Cajon at the time of the dog-jumping incident on which he based his request for a restraining order. He did not show, however, that during the incident he suffered any "abuse" that would support issuance of a restraining order. In the request, which included a declaration, Chan did not allege he suffered any physical harm or pain as a result of the dog jumping on him. (See Welf. & Inst. Code, §§ 15610.07, subd. (a), 15657.03, subd. (b)(1).) Although he claimed he suffered "[s]ubstantial emotional distress" (*id.*, § 15610.53 [" 'Mental suffering' " includes "serious emotional distress that is brought about by forms of intimidating behavior, threats, [or] harassment"]), he did not describe the distress in any way. Chan's declaration that the dog retreated when he crouched down and his admission in his appellant's reply brief that the dog did not bite him undermine the emotional distress claim. In the absence of a reporter's transcript or settled statement showing the contrary, we presume that Chan's testimony at the hearing was consistent with the statements in his declaration and reply brief, and that Hernandez and Gallegos testified they did not release their dog to attack Chan and the dog did not bite him, as they assert in their appellate brief. (See *Riley v. Dunbar* (1942) 55 Cal.App.2d 452, 455 [without contrary record, appellate court presumes any matters that could have been presented to trial court to authorize challenged order were presented]; accord, *Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Bennett v. McCall* (1993) 19 Cal.App.4th 122, 127.) Such testimony would support the trial court's conclusion Chan did not meet his burden to show the

6

dog-jumping incident constituted elder abuse that would justify issuance of a restraining order. Chan thus has not met his burden on appeal affirmatively to show error. (*Jameson*, at p. 609; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*); *Bennett*, at p. 127.)

Nor has Chan shown error in the trial court's denial of his claim for reimbursement of costs to repair the damage Hernandez and Gallegos allegedly did to his property. The Act does not authorize a court to award damages in a proceeding for a restraining order (Welf. & Inst. Code, § 15657.03, subds. (b)(4), (c)), and Chan did not pray for damages in his request. Even if damages were available and Chan had sought them, the record on appeal does not show he proved entitlement to them. He presented invoices and estimates for repairs to the trial court, which the court "considered." But Chan has not provided us with a reporter's transcript or settled statement showing the work described in the invoices and estimates was done or that he paid the amounts listed in the documents. He also has not provided a record showing it was Hernandez or Gallegos who caused the damage to his car and house. According to Chan's opening brief, at the hearing they denied damaging his car. Chan offered the trial court pictures showing damage to wooden gates, a wooden post, and a blue Toyota; and the videos he offered show a red car colliding with the blue Toyota and a gold Honda colliding with a building. (See fn. 1, *ante*.) The pictures, however, do not show *how* the gates and posts were damaged or *who* damaged them, and the videos do not identify *who* was driving the cars that ran into the blue Toyota or the building. Chan has not supplied a reporter's transcript or a settled statement with testimony or other evidence on these matters. He therefore has not met his burden to supply a record that affirmatively shows

7

error in the denial of his reimbursement claim. (*Jameson, supra,* 5 Cal.5th at p. 609; *Denham, supra,* 2 Cal.3d at p. 564.)

Chan also contends he told the truth at the hearing on his request for a restraining order, but Hernandez and Gallegos did not. He "seems to want this court to reevaluate [the witnesses'] credibility and reweigh the evidence presented below, but we can do neither." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 188.) "It was for the trial court to weigh the evidence and consider the demeanor and credibility of the witnesses." (*Bookout, supra,* 155 Cal.App.4th at p. 1141.) As noted, Chan has not supplied us with a record of the witnesses' testimony; but even if he had, " ' "[w]e have no power on appeal to judge the credibility of witnesses or to reweigh the evidence." ' " (*Fabian v. Renovate America, Inc.* (2019) 42 Cal.App.5th 1062, 1067.)

In sum, on the record presented Chan has not shown that in denying his request for an elder abuse restraining order the trial court exceeded the bounds of reason or disregarded uncontradicted evidence, as he must do to establish an abuse of discretion. (*Bookout, supra,* 155 Cal.App.4th at p. 1140.) We therefore may not reverse the order. (See, e.g., *In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682 ["The trial court's exercise of discretion will not be disturbed on appeal in the absence of a clear showing of abuse, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice."].)

DISPOSITION

The order denying Chan's request for an elder abuse restraining order is affirmed.


IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.